THE STATE OF OHIO, APPELLEE, *v.* JONES, APPELLANT.
THE STATE OF OHIO, APPELLANT, *v.* WILKINS, APPELLEE.
THE STATE OF OHIO, APPELLEE, *v.* COLEMAN, APPELLANT.

[Cite as State v. Jones (1981), 67 Ohio St. 2d 244.]

(Nos. 80-1182, 80-1447 and 80-1646—Decided July 15, 1981.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Merlyn D. Shiverdecker* and *Mr. William E. Breyer,* for appellee, in case No. 80-1182.

*Mr. Louis Rubenstein* and *Mr. Ronald T. Bella,* for appellant, in case No. 80-1182.

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Gary W. Crim,* for appellant, in case No. 80-1447.

*Mr. J. Robert Radabaugh,* for appellee, in case No. 80-1447.

*Mr. William L. Thomas,* prosecuting attorney, and *Mr. Paul Jefferis,* for appellee, in case No. 80-1646.

*Mr. Richard L. Aynes,* for appellant, in case No. 80-1646.

WILLIAM B. BROWN, J.

I.

These three cases all involve the same central issue concerning the retroactive application of R. C. 2901.05(A). Specifically, the issue is whether R. C. 2901.05(A), as amended November 1, 1978, may be applied at the trial of defendants charged with crimes alleged to have been committed before the effective date of the statute.

Prior to November 1, 1978, R. C. 2901.05(A) provided that, "[e]very person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused."

Effective November 1, 1978, R. C. 2901.05(A) was amended to read that, "[e]very person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused."

Article I, Section 10 of the United States Constitution prohibits any state from passing an *ex post facto* law. Such laws were defined by the United States Supreme Court in *Calder* v. *Bull* (1798), 3 U. S. (3 Dall.) 386, 390, as "***[e]very law that alters the *legal* rules of *evidence,* and receives less, or different, testimony, than the law required at the time of the commission of the offense, *in order to convict the offender.*" (Emphasis *sic.*)

The rule of *Calder* v. *Bull* was restated in *Hopt* v. *Utah* (1884), 110 U. S. 574, 590, in which the court stated that, "***[a]ny statutory alteration of the legal rules of evidence which would authorize conviction upon less proof, in amount or degree, than was required when the offense was committed, might, in respect of that offense, be obnoxious to the constitutional inhibition upon *ex post facto* laws."

The amendment to R. C. 2901.05(A) contains a change in the quantum of evidence necessary for conviction. It clearly concerns an evidentiary standard. Prior to the 1978 amendment, R. C. 2901.05(A) provided that a defendant was required to meet the burden of going forward with evidence of a nature and quality sufficient to raise an affirmative defense. *State* v. *Robinson* (1976), 47 Ohio St. 2d 103. This burden requires the defendant to adduce evidence of his defense sufficient to cast a reasonable doubt on the question of his guilt. If he carries that burden, the defendant should be acquitted, regardless of whether he has proven the substance of his defense by a preponderance of the evidence. *Id.,* fn., at page 112.

The 1978 amendment to R. C. 2901.05(A) adds the burden of persuasion to the burden of going forward. The burden of persuasion refers "to the risk which is borne by a party if the jury finds that the evidence is in equilibrium. The party with the burden of persuasion will lose if he fails to persuade the trier of fact that the alleged fact is true by such quantum of evidence as the law demands." *State* v. *Robinson, supra,* at page 107. This additional burden increases substantively the amount of evidence the defendant must adduce in support of his affirmative defense. Since "[t]he state need not disprove an affirmative defense unless the defendant comes forward with evidence sufficient to raise that defense" (*id.,* at pages 108-109), the state's burden is correspondingly lessened as the

defendant's is increased. Accordingly, we find that retroactive application of amended R. C. 2901.05(A) to a crime committed before the effective date of the statute acts to decrease the quantum of proof required for criminal conviction. As such, this application of the statute is in violation of Section 10, Article I of the United States Constitution.

An additional basis for disapproving the retroactive application of R. C. 2901.05(A) is found in Section 28, Article II of the Ohio Constitution which provides:

"The General Assembly shall have no power to pass retroactive laws***." R. C. 1.58, enacted pursuant to the constitutional proscription against retroactive laws, also provides:

"(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

"(3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;

"(4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended."

Once an action is pending, as these actions all were prior to November 1, 1978, "associated remedial rights extended by statute could not be eliminated by later amendment or repeal, unless a contrary legislative intent was expressly stated." *Tague* v. *Bd. of Trustees* (1980), 61 Ohio St. 2d 136, 138. There was no such legislative intent apparent in the amendment to R. C. 2901.05(A).

## II.

In case No. 80-1182, appellant shot Craig Phillips on September 2, 1978. At his trial, which began on January 9, 1979, he offered a defense of self-defense.[1] The trial court

---

[1] This court has held that the defenses of insanity, intoxication and self-defense are affirmative defenses. *State* v. *Robinson* (1976), 47 Ohio St. 2d 103, 108.

gave the following instruction on the issue of appellant's affirmative defense: "The burden of proving self-defense is upon the defendant and he must prove it by a preponderance or greater weight of the evidence." This instruction was clearly based upon amended R. C. 2901.05(A) which was not in effect at the time of the commission of the crime. As such, the giving of the instruction was error and prejudicial to the appellant.

Appellant also contends as a proposition of law that R. C. 2901.05(A) violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. This issue was not raised at trial and, therefore, is not properly before this court. *State, ex rel. King,* v. *Shannon* (1960), 170 Ohio St. 393, 394. Moreover, given our disposition of appellant's cause, the constitutionality of amended R. C. 2901.05(A) is moot as regards this appellant.

### III.

In case No. 80-1447, appellee stabbed and strangled Ilse Erath on September 18, 1978. His affirmative defense was insanity. The trial court gave the following instruction on appellee's affirmative defense to the jury at the trial which had begun on May 29, 1979: "In order to establish the defense of insanity, the accused must establish by a preponderance of the evidence that a disease or other defect of his mind has so impaired his reason that at the time of the criminal act with which he is charged either he did not know that such act was wrong or he did not have the ability to refrain from doing that act." This instruction also clearly applied the added burden of the November 1, 1978, amendment to R. C. 2901.05(A) to a crime committed before the effective date of the statute. As such, this was error prejudicial to the appellee.

### IV.

In case No. 80-1646, appellant struck Kenneth Clark with a pipe on May 9, 1978. He asserted an affirmative defense of intoxication. His trial began on June 5, 1979, and concluded with this instruction from the trial court to the jury: "The burden of proving the defendant of being under the influence of drugs is upon the defendant and he must establish such defense by a preponderance of the evidence." This instruction, like those in the other two cases herein, was also based upon

amended R. C. 2901.05(A), and applied to a crime committed before the effective date of the statute. This constitutes error prejudicial to appellant.

Appellant raises two additional issues. First, appellant asserts that the Court of Appeals did not weigh the evidence as to whether the appellant's actions caused serious physical harm. In view of the foregoing disposition of this case, this issue need not be addressed.

Second, appellant asserts that the refusal of the trial court to allow a drug counselor to testify about the effects of taking the drug Tuinal violated appellant's right to present a defense under the Sixth and Fourteenth Amendments to the United States Constitution.

Wayne Dickerson was offered as an expert witness by appellant. Dickerson stated his qualifications as follows: "I hold my undergraduate work, my bachelor's degree and my major in geochemistry and also social psychology. I hold a Master's degree in endorsement, testing and guidance.* * *My specific job duties involve making myself available to various segments of the community in terms of explaining not only the addictive process for both drugs and alcohol but, also to do initial things with people referred to us by the courts and also working on an individual basis with clients sent to us by their own referral and by the court's referral, also."

Appellant's counsel posed the following hypothetical question to Dickerson: "First, if you know, and if in your opinion as a drug and alcohol counselor, what effect one 25 milligram thorazine with two 5 grain tuinals have on a male approximately 160 to 180 pounds and approximately 6 feet tall?" The state's objection to the question was sustained by the trial court on the basis that Dickerson was not qualified to answer.

This court will not reverse a ruling of a trial court on the qualification or competency of an expert witness to give his opinion upon a particular subject unless there is a clear showing that the trial court abused its discretion. *Ohio Turnpike Comm.* v. *Ellis* (1955), 164 Ohio St. 377, paragraph eight of the syllabus.

The question asked of Dickerson required a knowledge of pharmacology. There is no evidence in the record that Dickerson was so qualified. There was no abuse of discretion,

therefore, by the trial court in not permitting him to answer the question posed to him.[2]

For the foregoing reasons, the judgments of the Courts of Appeals in cases Nos. 80-1182 and 80-1646 are reversed, and the causes are remanded for new trials; and in case No. 80-1447, the judgment of the Court of Appeals is affirmed.

*Judgments reversed and causes remanded*
*in cases Nos. 80-1182 and 80-1646.*
*Judgment affirmed in case No. 80-1447.*

CELEBREZZE, C. J., P. BROWN, SWEENEY, VICTOR and C. BROWN, JJ., concur in cases Nos. 80-1182 and 80-1447.

CELEBREZZE, C. J., P. BROWN, SWEENEY and C. BROWN, JJ., concur in case No. 80-1646.

LOCHER, J., concurs in the judgment in cases Nos. 80-1182, 80-1447 and 80-1646.

HOLMES, J., dissents in case No. 80-1646.

VICTOR, J., of the Ninth Appellate District, sitting for HOLMES, J., in cases Nos. 80-1182 and 80-1447.

---

[2] The Sixth and Fourteenth Amendments to the United States Constitution do not compel a trial court to accept a witness as expert who is not qualified to give expert testimony.