782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DONALD O. BENEDUM, Petitioner-Appellant
v.
E. P. PERINI, SUPERINTENDENT, Respondent-Appellee.
 84-3311
 United States Court of Appeals, Sixth Circuit.
 12/9/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; MERRITT and JONES, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of petitioner's appeal from the district court's judgment denying habeas corpus relief. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of the documents filed on appeal and the certified record including the transcript, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner is serving consecutive terms for aggravated burglary, receiving stolen property, assault and felonious assault. On direct appeal, the Ohio Court of Appeals rejected petitioner's claim of an involuntary confession and affirmed his conviction. Petitioner did not appeal his conviction to the Ohio Supreme Court. Subsequently, petitioner pursued post-conviction relief alleging ineffective assistance of counsel. The trial court held that petitioner's claim lacked sufficient factual support, and dismissed the petition without an evidentiary hearing. Petitioner appealed to the Ohio Court of Appeals alleging that the trial court erred. The Ohio Court of Appeals affirmed the trial court's decision. The Ohio Supreme Court dismissed the appeal for lack of a substantial constitutional question. Petitioner then filed a 28 U.S.C. Sec. 2254 habeas corpus petition in the district court alleging four instances of ineffective assistance of counsel. The district court denied relief based on a finding that counsel was effective. Petitioner appealed to this Court adopting his claim of ineffective assistance of counsel, but arguing a sole issue, that the court erred by admitting his alleged involuntary statement into evidence.
 
 
 3
 The petitioner has not exhausted state remedies on his claim that his involuntary statement was improperly admitted into evidence, and he thus cannot assert that claim in this petition. Rose v. Lundy, 455 U.S. 509 (1982). Benedum's claim of ineffective assistance of counsel has been exhausted and is properly before this Court.
 
 
 4
 Upon consideration of the record, including the transcript, this Court concludes that the district court did not err in finding that petitioner's claim of ineffective assistance of counsel is without merit. Counsel's performance did not fall below the standard of reasonably effective assistance in light of the totality of the circumstances and the evidence. Strickland v. Washington, 466 U.S. ----, 104 S.Ct. 2052, 2065, 2069 (1984); Meeks v. Bergen, 749 F.2d 322 (6th Cir. 1984). Counsel did move to suppress alleged illegally seized evidence, including petitioner's alleged coerced statement. Counsel examined witnesses on behalf of petitioner and attempted to decrease the severity of petitioner's felonious assault charge by arguing for the lesser included offense.
 
 
 5
 In addition, the evidence does not sustain petitioner's claim of intoxication. See, e.g., State v. Jones, 67 Ohio St.2d 244, 423 N.W.2d 447 (1981); State v. Humphries, 51 Ohio St.2d 95, 364 N.E.2d 1354 (1977); State v. Robinson, 47 Ohio St.2d 103, 351 N.E.2d 88 (1976); State v. Salmon, 10 Ohio App.2d 175, 226 N.E.2d 784 (1967). Petitioner acknowledged his awareness of the events of the evening, and there was substantial evidence that petitioner was knowledgeable of his actions. Consequently, failure of counsel to assert intoxication as a defense was not prejudical error.
 
 
 6
 Finally, petitioner's claim of denial of appellate rights is without merit. The right to counsel does not carry with it the right to select a particular lawyer as court-appointed attorney. United States v. Burkeen, 355 F.2d 241 (6th Cir.), cert. denied, 384 U.S. 957 (1966). In sum, petitioner has failed to demonstrate that counsel's performance was deficient and prejudicial, constituting a deprivation of his Sixth Amendment constitutional guarantee of counsel or a fair trial. Strickland, supra; Bergen, supra.
 
 
 7
 It is therefore ORDERED that the district court's judgment be and hereby is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.