### Sadowski v. Monteleone
*[Cite as 7 AOA 309]*

*Case No. 59188*
*Cuyahoga County, (8th)*
*Decided October 4, 1990*

*Lawrence W. Corman, Esq., 843 Terminal Tower, Cleveland, Ohio 44113, for Plaintiffs-Appellees.*

*Patrick Roche, Esq., 2121 Superior Building, Cleveland, Ohio 44114, for Defendant-Appellant.*

*Per Curiam.*

In his sole assignment of error appellant complains that the trial court erred in taxing as costs the expert witness fees of Dr. Li and Dr. Juguilon. We agree.

In *Jones v. Pierson* (1981), 2 Ohio App. 3d 447, the court set forth a two-step analysis for determining whether an expense is a taxable litigating expense or personal expense. Personal expenses are those expenses expended by a party in preparing a case for trial; necessary expenses are funds expended by a party as are necessary and vital to the litigation. *Id.* at 449. Next, the court should decide whether a litigating expense should be taxed as a cost in the particular case at bar. While the court retains discretion in this regard, that discretion should be exercised to overrule a motion to tax litigating expenses only where the expense is unusual in type or amount which because of the prevailing party's conduct it is inequitable to access against the non-prevailing party. *Id.*

Expert witness' fees have been specifically *disallowed* as a taxable cost against the non-prevailing party. See *Moore v. General Motors Corp.* (1985), 18 Ohio St. 3d 259, 260-261; *Gold v. Orr Felt Co.* (1985), 21 Ohio App. 3d 214; *Glover v. Massey* (January 11, 1990), Cuyahoga App. No. 56351, 56802, unreported.

The appellant's assignment is well taken for the reason that expert witness fees are not properly taxable as costs. Judgment reversed.

DYKE, P.J., VICTOR, J., and CASTLE, J., concur.

Sitting By Assignment: Judge William H. Victor, Retired, of the Ninth District Court of Appeals and Judge Lyle W. Castle, Retired, of the 12th District Court of Appeals.