HOWARD, Appellant,

v.

WILLS, Appellee, et al.

[Cite as *Howard v. Wills* (1991), 77 Ohio App.3d 133.]

Court of Appeals of Ohio,
Jackson County.

No. 641.

Decided Sept. 11, 1991.

Joseph P. Sulzer, for appellant.

*Southeastern Ohio Legal Services* and *Linda C. Kowieski,* for appellee.

STEPHENSON, Presiding Judge.

This is an appeal from a judgment entered by the Jackson County Court of Common Pleas, following a bench trial, determining the common boundary line between real property owned by Phyllis M. Howard, plaintiff below and appellant herein, and the property owned by Betty Wills, defendant below and appellee herein, as well as quieting the title of appellee in her property as against appellant and all persons claiming under her. Appellant assigns the following errors for review:

"I. The trial court abused its discretion by requiring plaintiff-appellant to pay defendant-appellee costs of the action previously dismissed.

"II. The trial court abused its discretion in its order of February 21, 1990, granting partial summary judgment pursuant to defendant-appellee's motion for summary judgment.

"III. The trial court abused its discretion by qualifing [*sic*] one of defendant-appellee's witnesses as an expert and relying upon the testimony and evidence prepared by said witness in deciding the case in this matter.

"IV. The trial court abused its discretion by ignoring the law and the testimony of all witnesses involved in establishing the boundary lines between the plaintiff-appellant and the defendant-appellee.

"V. The trial court abused its discretion by awarding defendant-appellee litigation expenses in the amount of $239.10 pursuant to Civil Rule 54(D)."

A short summary of the facts pertinent to this appeal is as follows. Appellant commenced the action below on May 1, 1989, seeking both a judicial determination of a boundary line and to compel appellee to set forth any interest which she claimed in appellant's property located in Jackson County, Ohio. Appellee answered by denying any claim to appellant's real estate and requested that the title to her property be quieted against any claim made by appellant.

On February 21, 1990, the trial court granted appellee partial summary judgment on a previous motion and held that the boundary line between the two parcels was the "half section line of section six" in Jackson Township of Jackson County. The court further held that the precise location of the "half

section" line was a genuine issue of material fact to be determined at trial.[1] This issue came on for trial on March 12, 1990, at which time both parties presented evidence as to the location of the line which would serve as the boundary between their properties. On April 17, 1990, the court entered its judgment below holding, in part, that the true boundary line between the premises was the quarter section line as located by a 1978 survey. On that basis, the trial court ordered that title to appellee's property laying north of the established quarter section line be forever quieted as against appellant or those claiming under her. Additional facts will be set forth where necessary to resolve a particular assignment of error.

We shall jointly consider appellant's first and fifth assignments of error as they both address the propriety of taxing certain costs against her. It would appear from the record that, on November 20, 1987, appellant had commenced an action similar to the cause *sub judice* against appellee and Terry Barnhart. That action was scheduled for trial in early May 1989, but was dismissed under Civ.R. 41(A)(1) shortly before then. As stated previously, this action was commenced on May 1, 1989. The following month, appellee moved for an order under Civ.R. 41(D) requiring appellant to pay her the sum of $359.45 in reimbursement of the cost of two depositions and the preparation of a survey which she had incurred in defending the action previously dismissed. On July 6, 1989, the court granted the motion and ordered appellant to pay those costs.

Similarly, on April 3, 1990, appellee filed her motion under Civ.R. 54(D) to have certain expenses taxed as costs. On May 7, 1990, the trial court granted appellee's motion, in part, and allowed the following items to be so taxed: $43.60 subpoena and witness fees, $8 for certified copies of deeds, and $187.50 for expert witness fees. Appellant now argues that the trial court abused its discretion both in taxing these items to court costs and in ordering her to pay $359.45 to appellee for expenses incurred in the previously dismissed action. To an extent, we agree with appellant.

The resolution of these assignments of error requires an understanding of the word "costs" as used in two pertinent civil rules. First, Civ.R. 41(D) provides, *inter alia,* as follows:

"If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the

---

1. The trial court's demarcation of the common boundary as the "half section line" in its partial summary judgment entry would appear to be in error. Later, during trial and in its final judgment, the court described the common boundary between the two properties as the "quarter section line" which was also the common boundary shown by the legal descriptions in the deeds contained in the record.

court may make such order for the payment of *costs* of the action previously dismissed as it may deem proper * * *." (Emphasis added.)

In the same context, Civ.R. 54(D) states the following:

"Except when express provision therefor is made either in a statute or in these rules, *costs* shall be allowed to the prevailing party unless the court otherwise directs." (Emphasis added.)

■ The dispositive issue here is whether those items specified in the court orders below were actually "costs" within the meaning of these two rules. If so, then the trial court is generally afforded broad discretion in assessing such costs and its ruling will not be overturned absent a showing of an abuse of that discretion. Such a showing would require appellant to demonstrate that the lower court's ruling was arbitrary, unreasonable or unconscionable. See *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624; *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202, 205.

On the other hand, if those items specified in the court orders do not fall within the general rubric of "costs," then the court below was without authority under either Civ.R. 41(D) or Civ.R. 54(D) to enter such an order with respect to those items. Recently, the Ohio Supreme Court reaffirmed that "[c]osts, in the sense the word is generally used in this state, may be defined as being the statutory fees to which * * * [specified individuals] * * * are entitled for their services in an action * * *." *Muze v. Mayfield* (1991), 61 Ohio St.3d 173, 174, 573 N.E.2d 1078, 1079, citing *State ex rel. Franklin Cty. Commrs. v. Guilbert* (1907), 77 Ohio St. 333, 338–339, 83 N.E. 80, 81. Indeed the subject of "costs" is one entirely of statutory allowance and control. *Muze, supra,* 61 Ohio St.3d at 175, 573 N.E.2d at 1079; *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 51, 23 O.O.3d 88, 89, 430 N.E.2d 925, 926; *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 607, 60 O.O. 531, 535, 138 N.E.2d 660, 666.

■ With that definition in mind, we must now determine, on an item-by-item basis, whether those expenses awarded by the court below could properly be characterized as "costs." We first turn to the $289.45 in deposition expenses which the trial court ordered appellant to pay on July 6, 1989. Neither appellee, nor the court below, cites a specific statute which would allow for this expense to be taxed as a cost and we are aware of none. Thus,

we are not persuaded that such expenses may be properly characterized as costs and the court below erred in awarding them as such.[2]

■   We next turn to the $43.60 in witness fees and expenses which the trial court ordered taxed as costs below.  While neither party has cited us to any authority on this item, the general rule appears to be that such expenses may be included in a judgment for costs under R.C. 2335.06(A).  See 19 Ohio Jurisprudence 3d (1980) 180–181, Costs, Section 25.  Accordingly, the award of such costs would be within the trial court's discretion.

■   We now come to the remaining expense items which present a more difficult case.  In its order dated May 7, 1990, the trial court stated that the appearance of expert witness, Jon Sharrett, had been "necessary" and "vital" to the case.  Thereafter, the court taxed his expert witness fee of $187.50 as "costs" in the action.  Neither the trial court nor appellee has cited any authority which would permit the taxing of such fee as a cost in the action and we are aware of none.  To the contrary, the weight of authority would seem to hold that an expert witness fee is not taxable as a cost to be charged to the losing party.  See, *e.g., Dorko v. Woodruff* (1988), 42 Ohio App.3d 13, 14, 536

---

**2.**   Admittedly, our decision on this issue is inconsistent with a number of decisions by other courts in this state which have allowed deposition expenses to be assessed as costs under either Civ.R. 41(D), see *Hosner v. The Gibson Partner Inc.*, (1986), 32 Ohio Misc.2d 4, 5, 29 OBR 120, 121, 505 N.E.2d 664, 666, or under Civ.R. 54(D), see *Bookatz·v. Kupps* (1987), 39 Ohio App.3d 36, 39, 528 N.E.2d 961, 964; *Horne v. Clemens* (1985), 25 Ohio App.3d 44, 46, 25 OBR 118, 119, 495 N.E.2d 441, 443; *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 451, 2 OBR 542, 546, 442 N.E.2d 791, 796.  Nevertheless, we decline to adopt this reasoning.  None of these cases rely on a firm statutory basis for their conclusion that such expenses are recoverable as costs.  In particular, the Cuyahoga County Court of Appeals in *Jones* concluded that recent cases had evidenced a willingness by Ohio courts to allow for recovery of expenses outside the traditional statutory meaning of costs.  *Jones, supra,* 2 Ohio App.3d at 448, 2 OBR at 543, 442 N.E.2d at 793, (citing *State ex rel. Franklin Cty. Commrs. v. Guilbert* (1907), 77 Ohio St. 333, 83 N.E. 80 as evidencing the traditional statutory meaning of costs.  That court then concluded that non-statutory expenses could be awarded by a trial court as a "cost" provided that it satisfied a two-part test showing that the item was a necessary litigating expense which should be awarded as a cost.  *Jones, supra,* 2 Ohio App.3d at 449, 2 OBR at 544, 442 N.E.2d at 794.  This two-part test has, subsequently, been adopted by the courts in *Bookatz, supra,* 39 Ohio App.3d at 38, 528 N.E.2d at 963, and *Horne, supra,* 25 Ohio App.3d at 46, 25 OBR at 119, 495 N.E.2d at 443.

The absence of any statutory foundation for these decisions, as well as the analysis employed in *Jones* and its progeny, has been greatly criticized.  See, *e.g.,* Note, Hosner v. The Gibson Partner Warning: "Free" Dismissals Under 41(A)(1)(a) Can Really Cost (1990), 19 Cap.U.L.Rev. 233.  Moreover, the Ohio Supreme Court has recently decided the case of *Muze v. Mayfield* (1991), 61 Ohio St.3d 173, 174, 573 N.E.2d 1078, 1079, which reaffirmed the traditional statutory meaning of costs citing *State ex rel. Franklin Cty. Commrs., supra,* which the court in *Jones* cited for the definition from which it perceived other Ohio courts as retreating.  Thus, if not a *sub silento* reversal, the *Muze* decision at least strikes a severe blow to the foundational underpinnings of *Jones* and its progeny.  Consequently, we do not rely on that analysis herein.

N.E.2d 56, 57; *Gold v. Orr Felt Co.* (1985), 21 Ohio App.3d 214, 216, 21 OBR 228, 230, 487 N.E.2d 347, 349; *Sadowski v. Monteleone* (1990), 69 Ohio App.3d 815, 591 N.E.2d 1304; see, also, McCormac, Ohio Civil Rules Practice (1991 Supp.) 191, Section 13.18. Accordingly, we hold that the expert witness fee was not a "cost" and the court below was without authority to tax it as such.

Finally, in both court orders below, the expense of sundry evidentiary items were determined to be costs and were awarded against appellant. These items included $70 for a survey drawing and $8 for certified copies of deeds. Once again, we have been cited no authority in either the Civil Rules or the Revised Code which would characterize these expenses as "costs" that could be charged against a losing party. In that we are aware of no such provision, we hold that the expenses for such evidentiary items cannot be taxed as costs.[3] Accordingly, the court below was without authority to do so.

Having determined that the witness expenses were properly taxable as "costs" below, we are not persuaded that there was any abuse of discretion in awarding them against appellant. In her brief, appellant fails to demonstrate that the decision of the trial court was arbitrary, unreasonable or unconscionable. See *Wilmington Steel Products, supra,* 60 Ohio St.3d at 122, 573 N.E.2d at 624. Accordingly, appellant's first assignment of error is sustained and her fifth assignment of error is, to the extent discussed herein, sustained in part and overruled in part.

In her second assignment of error, appellant argues that the trial court "abused its discretion" in granting partial summary judgment to appellee on February 21, 1990. We disagree.[4]

The correctness of rendering a summary judgment under Civ.R. 56 depends upon a "tripartite demonstration" that (1) there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.* (1978),

---

**3.** For a similar conclusion, see 20 Corpus Juris Secundum (1990), Costs, Section 105; Annotation (1964), 97 A.L.R.2d 138, 177–184; see, also, *Kroulik v. Knuppel* (Col.App.1981), 634 P.2d 1027, 1031; *Mader v. Stephenson* (Wyo.1971), 481 P.2d 664, 665.

**4.** Contrary to the arguments made in the briefs herein, a grant of summary judgment is not reviewed on an "abuse of discretion" standard. Rather, an appellate court will independently review the record to determine if summary judgment was appropriate. *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411, 599 N.E.2d 786, 787. Thus, we give no deference to the trial court's decision in such matters. *Id.; Bank One of Portsmouth v. Weber* (Aug. 7, 1991), Scioto App. No. 90CA1920, unreported, at 3, 1991 WL 156416.

54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883. In applying this standard to the cause *sub judice*, we determine no error in the trial court's grant of partial summary judgment.

The legal descriptions of the two properties at issue clearly show that the common boundaries between them is the quarter section line in section six of Jackson Township. These descriptions have been admitted to and there has been no question raised regarding the validity of the deeds. Thus, there was no error in the trial court's partial judgment fixing the quarter section line as the common boundary.

However, appellant's argument does not actually address the issue upon which summary judgment was entered. Rather, appellant contends that the trial court used an incorrect method of allocating excesses or deficiencies of acreage in determining that the location of the quarter section line remained a genuine issue of material fact to be decided at trial. In short, appellant has taken the anomalous position that although the trial court did not enter a full summary judgment against her below, its analysis and reason for not doing so was erroneous. Suffice it to say, we can determine no merit in such an argument.

Even assuming, *arguendo*, that the court's reasoning was in error, it is well settled that an appellate court will not reverse a correct judgment merely because erroneous reasoning was used in reaching that judgment. See *Joyce v. General Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174; *Agricultural Ins. Co. v. Constantine* (1944), 144 Ohio St. 275, 284, 29 O.O. 426, 430, 58 N.E.2d 658, 663. Moreover, any such error has, nevertheless, served to prevent a full summary judgment from being entered against appellant. Thus, she has suffered none of the requisite prejudice which would be necessary to establish before reversing the partial summary judgment. See *Seley v. G.D. Searle & Co.* (1981), 67 Ohio St.2d 192, 210, 21 O.O.3d 121, 132, 423 N.E.2d 831, 844. Accordingly, the second assignment of error is overruled.[5]

---

5. Appellant also argues that this allegedly erroneous reasoning was further carried over into trial and ultimate disposition of the case. However, appellant has not cited us to any particular portion of the trial court's judgment where such analysis was used. Moreover, to the extent that the trial transcript reveals some discussion on that matter, we point out that a court speaks only through its journal entry and not by oral pronouncement. *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 173, 23 OBR 336, 338, 492 N.E.2d 146, 148, at fn. 3; *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O.3d, 113 N.E.2d 625, at paragraph one of the syllabus. Accordingly, we will not review a courtroom discussion on a legal principle which does not appear to have been carried over into the final judgment.

In her third assignment of error, appellant argues that the trial court erred in allowing, into evidence, the expert testimony of Jon Sharrett as to the location of the quarter section line. Initially, we note that all rulings concerning the admission of expert testimony are within the sound discretion of the trial court. *Frank v. Vulcan Materials Co.* (1988), 55 Ohio App.3d 153, 155, 563 N.E.2d 339, 342; *Fulton v. Aszman* (1982), 4 Ohio App.3d 64, 66, 4 OBR 114, 116, 446 N.E.2d 803, 806. Thus, any decision with respect to the qualifications and competency of an expert witness to give an opinion on a particular subject will not be reversed absent a showing of an abuse of that discretion. See *State v. Hipkins* (1982), 69 Ohio St.2d 80, 82, 23 O.O.3d 123, 124, 430 N.E.2d 943, 945; *State v. Jones* (1981), 67 Ohio St.2d 244, 251, 21 O.O.3d 152, 457, 423 N.E.2d 447, 451.

Appellant contends that the court below abused its discretion because, among other reasons, Jon Sharrett is not a surveyor licensed by the state of Ohio and, therefore, lacks the qualifications to testify as an expert. We disagree.

In *State v. Adams* (Apr. 16, 1991), Washington App. No. 90CA5, unreported, at 11–12, 1991 WL 62184, this court considered a similar issue and held that a psychology assistant could render an expert opinion in that field despite the fact that he lacked a Ph.D. in psychology. In so holding, we reasoned that an expert witness's lack of professional standing goes only to the weight of such expert's testimony and that issue is one solely for the trier of fact. *Id.;* see, also, *McQueen v. Goldey* (1984), 20 Ohio App.3d 41, 48, 20 OBR 44, 50, 484 N.E.2d 712, 720.

A similar principle would apply in the cause *sub judice.* At trial, Sharrett testified that he had been performing survey work "since the mid '50s" and that he supplements his training in the field by attending seminars and reading literature on the subject. Under these circumstances, we find no abuse of discretion in allowing the witness to render an expert opinion and the fact that he was not a licensed surveyor would go only to the weight of his testimony.

Similarly, we are not persuaded by appellant's contentions that the survey was not conducted pursuant to government standards or that another individual "signed off" on it. These too would go only to the weight which the trier of fact would assign to that testimony. In short, these factors would neither prohibit the qualification of the witness as an expert nor would they render the testimony unreliable as a matter of law. Appellant's third assignment of error is, accordingly, overruled.

In her fourth assignment of error, appellant argues that the trial court erred in its determination of the boundary/quarter-section line between the two properties. In support of her argument, appellant cites to a number of specific evidentiary items in the record which would contradict the judgment of the trial court. Nevertheless, we are not persuaded.

As mentioned previously, the determinative issue at trial was the precise location of the quarter section line which serves as a boundary between the two properties. Both parties presented their own expert witnesses at trial which offered differing opinions as to the exact location. While there was sufficient evidence adduced below to support either position, the court ultimately found the quarter section line to be located as determined in the 1978 survey advanced by appellee.

In reviewing the judgment of a trial court, we must proceed on a presumption that the findings of the trial court are correct inasmuch as that court is better able to weigh the testimony of the witnesses than we are. See *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276. Thus, we will not overturn the judgment of a lower court where that judgment is supported by some competent credible evidence. *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154, 158–159; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578 syllabus. There being sufficient evidence in the record to support the decision of the court below, we find no error in the judgment and appellant's fourth assignment of error is overruled.

Having sustained appellant's first assignment of error and sustained, in part, her fifth assignment of error, the final judgment entered below is hereby modified under App.R. 12(B). The order dated May 1, 1989, which ordered appellant to pay appellee the sum of $359.45 is hereby vacated and the May 7, 1990 order taxing certain expenses as court costs is hereby reduced from $239.10 to $43.60. Otherwise, the judgment of the trial court is affirmed.[6]

*Judgment affirmed as modified.*

HARSHA and PETER B. ABELE, JJ., concur.

---

6. In her brief, appellee also sets forth a "cross-assignment of error" in which she argues that the court below reached the right conclusion as to the location of the boundary line but on the wrong basis. Although appellee has made no separate appeal of her own, R.C. 2505.22 allows her to set forth such "assignments of error" for consideration in order to prevent a reversal of the judgment. See *Morgan v. Cincinnati* (1986), 25 Ohio St.3d 285, 290, 25 OBR, 337, 340, 496 N.E.2d 468, 472–473; *Duracote Corp. v. Goodyear Tire & Rubber Co.* (1983), 2 Ohio St.3d 160, 163, 2 OBR 704, 706, 443 N.E.2d 184, 186–187. This cross-assignment of

error, however, makes no argument whatsoever with respect to the "cost" issue upon which we modified the judgment below. Inasmuch as we have affirmed the judgment with respect to the lower court's determination of the boundary line, we need not address this issue in appellee's cross-assignment of error.