Plaintiff-appellant Robert Ernsberger appeals the November 4, 1998 Judgment Entry from the Richland County Court of Common Pleas assessing 65% of the total court costs against him, which figure represents his percentage of negligence. Defendant-appellee is Lester Clancy.
 STATEMENT OF THE FACTS AND CASE
On January 17, 1997, appellant was driving his automobile through the intersection of Marion Avenue and Wood Street in Mansfield, Ohio, when he collided with a vehicle driven by Lester Clancy.
On January 23, 1997, appellant, Doris Ernsberger and Shelly Ernsberger[1] filed a complaint in the Richland County Court of Common Pleas naming appellee and Progressive Insurance Company as defendants. Appellee and Progressive timely filed separate answers to the complaint. Progressive was later voluntarily dismissed from the lawsuit.
The matter proceeded to a jury trial on September 22, 1998. After hearing two days of evidence and deliberations, the jury rendered a verdict finding appellant 65% comparatively negligent and entered judgment in favor of appellee on appellant's complaint. The jury also returned a verdict in favor of Doris Ernsberger and Shelly Ernsberger against appellee. Via Judgment Entry on Jury Verdict dated September 28, 1998, the trial court assessed 65% of the total court costs against appellant and 35% of the total court costs against appellee. On October 26, 1998, appellant filed a Motion to Reassess Costs requesting the trial court reassess the costs in order for appellant to be responsible for 65% of the costs of his claim only, and appellee be responsible for 35% of appellant's costs and 100% of the costs related to Doris Ernsberger and Shelly Ernsberger's claim. Via Judgment Entry Assessing Costs dated November 4, 1998, the trial court found the costs were appropriately assessed proportioned to appellant's and appellee's negligence and overruled appellant's motion to reassess costs.
It is from the November 4, 1998 Judgment Entry assessing costs appellant appeals, raising as his sole assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN ASSESSING 65% OF COURT COSTS TO PLAINTIFF-APPELLANT ROBERT ERNSBERGER.
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11. 1 It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 STANDARD OF REVIEW
A trial court is generally afforded broad discretion in the assessment of costs and its ruling will not be overturned absent a showing of an abuse of discretion. Howard v. Wills
(1991), 77 Ohio App.3d 133, 137. Such showing requires a demonstration the trial court's decision was arbitrary, unreasonable or unconscionable. Id. (Citations omitted).
Herein, appellant maintains the trial court erred in assessing 65% of the total court costs to him.
Civ. R. 54(D) provides:
 Costs. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs.
After the jury returned its verdict, the trial court entered judgment in favor of Doris Ernsberger and Shelly Ernsberger and ordered court costs to be paid by appellant and appellee. Pursuant to Civ. R. 54(D), the trial court properly allowed costs to Doris Ernsberger and Shelly Ernsberger as the prevailing party. Appellant, having been determined to be 65% negligent, is not a prevailing party; therefore, is not entitled to costs. In light of the jury's finding appellant to be 65% negligent, we find the trial court did not abuse its discretion in assessing that percentage of costs to him.
Appellant's sole assignment of error is overruled.
The judgment entry of the Richland County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P.J., Hon. William B. Hoffman, J., Hon. Sheila G. Farmer, J., JUDGES.
[1] Doris and Shelly Ernsberger were passengers in the vehicle driven by appellant.