ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E).
In this case, plaintiff-appellant-buyer Diane Thoman (Thoman) appeals from the granting of summary judgment in favor of defendants-appellees-sellers Mr. and Mrs. Laszlow and Eva Horvath (collectively Horvath) on Thoman's claims alleging fraudulent and negligent misrepresentation in connection with the sale of a home.[1] For the reasons adduced below, we reverse and remand.
A review of the record on appeal indicates that the original Complaint was filed on August 7, 1998. The first claim raised fraudulent misrepresentation in the Horvaths' allegedly false answer to a question posed in the November 24, 1997 purchase agreement. The question was whether the sellers had received notice of any building or housing code violations currently affecting the use of the property? The Horvaths answered No. See Residential Property Disclosure Form, dated July 29, 1997, at Statement J. Plaintiff-Thoman contended that at the time of answering Statement J, the Horvaths were aware of a number of housing code violations at the subject property, as evidenced by a letter dated December 13, 1996, from the City of Bay Village Building Inspector (Mr. David Volle) to Mr. Horvath. Thoman also alleged a second claim relating to the failure of the Horvaths to disclose the allegedly latent defects represented by the housing code violations. The Horvath's Answer, and Amended Answer, denied any knowledge of housing code violations and stated an affirmative defense that the violations had been corrected by contractors hired by the Horvaths, or the conditions constituting the violations and defects were waived by the buyer.
Prior to making an offer on the home, Thoman and Mr. Hexter (her real estate agent from Smythe Cramer Realty and the contractor who subsequently performed construction at the home after the sale) walked through the home during an inspection of their own. See Thoman deposition at 13. It is uncontested that Thoman, who has a Bachelors degree from Penn State University in Interior Design, had the home inspected on December 9, 1997 by A-1 Home Inspections, Inc., and according to the inspector's report, the inspection took two hours to complete. The inspection services specifically excluded building and zoning code violations, whether concealed or not, from the scope of the inspection. Thoman accompanied the A-1 inspector during the inspection, no inspection was impeded, and Thoman admitted to observing the conditions of the home during her inspections; she did not realize that these conditions were code violations and subject to remediation until after discovering the City letter to the Horvaths subsequent to her taking title to the home. See Thoman deposition at 27, 29, 33-34, 47-53, 55-56, 58-59. At no point prior to making an offer did Thoman speak directly to the Horvaths. Id. at 16. The Horvaths were represented during the sale by Reni Miller of Realty One.
After receiving title to the home in late December of 1997, Thoman explored the possibility of constructing a room addition on the second floor of the home.
The Horvaths filed their motion for summary judgment on July 9, 1999. This motion, while referencing the deposition transcript of Thoman, was unsupported by any documentary evidence or affidavits as contemplated by Civ.R. 56(C) and (E).[2] Thoman filed her brief in opposition to summary judgment on September 7, 1999, supported by the affidavits of Mr. Volle and Thoman, authenticated copies of the home sale documents, and answers to interrogatories by the Horvaths.
The trial court, using a half-sheet status form entry with no opinion, granted the motion for summary judgment on September 23, 1999.
The notice of appeal from the summary judgment ruling was filed on October 25, 1999. The lone assignment of error provides:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT FOR DEFENDANTS WHERE THERE WAS A GENUINE ISSUE OF MATERIAL FACT AS TO A DEFENDANT'S KNOWLEDGE OF THE EXISTENCE OF BUILDING CODE VIOLATIONS ON RESIDENTIAL PROPERTY OFFERED FOR SALE BY DEFENDANTS.
The standard of review relative to a summary judgment ruling was recently stated by this court:
 The standard for granting a motion for summary judgment is set forth in Civ.R. 56(C). In applying this rule, the Ohio Supreme Court has consistently held that, before such a motion can be granted, the moving party must show that: (1) there is no genuine issue of fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the non-moving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 667 N.E.2d 1197; Welco Industries, Inc. v. Applied Cas. (1993), 67 Ohio St.3d 344, 617 N.E.2d 1129; Osborne v. Lyles (1992), 63 Ohio St.3d 326, 587 N.E.2d 825.
 A motion for summary judgment forces the non-moving party to produce evidence on issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, syllabus. The non-movant must also present specific facts and may not merely rely upon the pleadings or upon unsupported allegations. Shaw v. Pollack Co. (1992), 82 Ohio St.3d 656. When a party moves for summary judgment supported by evidentiary material of the type and character set forth in Civ.R. 56(E), the opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56(C) to show that there is a genuine issue for trial. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 375 N.E.2d 46.
 In Dresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court discussed the standard to be applied when reviewing motions for summary judgment. The court stated:
 Again, we note that there is no requirement in Civ.R. 56 that any party submit affidavits to support a motion for summary judgment. See, e.g., Civ.R. 56(A) and (B). There is a requirement, however, that a moving party, in support of a summary judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56(C).
Id. at 298, 662 N.E.2d 264.
 The court's analysis of an appeal from a summary judgment is conducted under a de novo standard of review. See Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765; Howard v. Willis (1991), 77 Ohio App.3d 133, 601 N.E.2d 515. No deference is given to the decision under review, and this court applies the same test as the trial court. Bank One of Portsmouth v. Weber (Aug. 7, 1991), Scioto App. No. 1920, unreported.
Tagliarina v. Tumino (Oct. 28, 1999), Cuyahoga App. No. 74962, unreported, 1999 WL 980597, at 2-3.
In home-sale cases alleging fraudulent misrepresentation by the seller, the following is illustrative:
 An action in common-law civil fraud has five essential elements: (1) a material false representation or a concealment; (2) knowingly made or concealed; (3) with the intent of misleading another into relying upon it; (4) reliance, with a right to rely, upon the representation or concealment by the party claiming injury; and (5) injury resulting from the reliance. Gaines v. Preterm-Cleveland, Inc.(1987), 33 Ohio St.3d 54, 55; Finomore v. Epstein (1984), 18 Ohio App.3d 88, 90; Schwartz v. Capitol SL Co. (1978), 56 Ohio App.2d 83, 86.
 The doctrine of caveat emptor continues to apply as the Ohio Supreme Court noted in Layman v. Binns (1988), 35 Ohio St.3d 176, syllabus:
 The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where: (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor.
 If a purchase agreement states that the buyer purchases real property in its as is physical condition, as it does here, the vendor has no duty to disclose latent defects. Vecchio v. Kehn (Aug. 18, 1994), Cuyahoga App. No. 66067, unreported at 8; Kossutich v. Krann (Aug. 16, 1990), Cuyahoga App. No. 57255, unreported at 4-5; Kaye v. Buehrle (1983), 8 Ohio App.3d 381, 383. An as is disclaimer clause in a real estate purchase agreement bars suit for passive non-disclosure, but does not protect a seller from action alleging positive misrepresentation or concealment. Vecchio; Kossutich, supra. * * * (Emphasis added.)
Liotta v. Eckley (Jan. 13, 2000), Cuyahoga App. No. 75127, unreported, 2000 WL 23128, at 2.
In the case sub judice, the defects complained of include the items which were the subject of the housing code violations. Although the purchase agreement at issue contained an as is disclaimer, this, and the doctrine of caveat emptor, does not preclude an action based on a positive misrepresentation or fraud such as the denial of building code violations herein. Given the competing documentary evidence of Thoman, and the dearth of supporting evidence by the Horvaths in opposing summary judgment, we conclude that, at the least, there are genuine issues of material fact concerning whether the Horvaths had knowledge of the housing code violations at the time of the sale and the extent of the repairs allegedly performed by the Horvaths in correcting those violations prior to sale. Accordingly, summary judgment was improperly granted.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant(s) recover of said appellee(s) her costs herein.
TERRENCE O'DONNELL, P.J., and JAMES M. PORTER, J., CONCUR.
 ______________________________ JAMES D. SWEENEY, JUDGE
[1] The subject home is located at 25903 Wolf Road, Bay Village, Ohio, and was a rental property of the Horvaths, who lived on Bassett Road in Westlake, Ohio. The purchase price of the home was $106,000 and Thoman moved into the home on January 22, 1998. Also, Eva Horvath died on August 11, 1999. Laszlow Horvath, as Executor for her Estate, has been substituted as a party in her place.
[2] The deposition of Thoman, which was conducted on February 18, 1999, was filed with the trial court on March 11, 1999.