JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Marcus Blalock appeals from his guilty plea to drug possession and drug trafficking and the trial court's imposition of the maximum sentence. We find no merit to the appeal and affirm.
 {¶ 2} Blalock was indicted on two counts of possession of drugs, two counts of preparation of drugs for sale, and one count of possession of criminal tools.
 {¶ 3} After denying Blalock's motion to suppress, the matter was set for trial. On the day trial was to commence, Blalock entered a plea of guilty to the amended charges of possession of drugs and drug trafficking. The remaining counts were nolled, and the trial court sentenced him to five years on each count, to run concurrently to a sentence that Blalock was currently serving for aggravated murder.
 {¶ 4} Immediately after sentencing, Blalock moved to withdraw his plea because his counsel allegedly told him he would only receive a two-year sentence, and because he did not realize that with a guilty plea, he waived his right to appeal the denial of his motion to suppress. The trial court gave Blalock the option of changing his plea to a no contest plea, which he refused. The trial court then denied his motion to withdraw his plea.
 {¶ 5} Blalock now appeals and assigns five assignments of error.
 I. {¶ 6} DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT REFUSED TO ALLOW DEFENDANT TO WITHDRAW HIS PLEA.
 {¶ 7} Blalock contends that the trial court erred in denying his motion to withdraw his plea when his plea was induced by improper advice of counsel.
 {¶ 8} Crim.R. 32.1 permits a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. State v. Xie (1992),62 Ohio St.3d 521, 526; State v. Grigsby (1992), 80 Ohio App.3d 291,299. The burden of establishing a manifest injustice is upon the defendant. State v. Legree (1988), 61 Ohio App.3d 568, 572; State v.Grigsby, supra at 299.
 {¶ 8} In the instant case, there is no showing of a manifest injustice. Immediately after the trial court pronounced the sentence, Blalock stated: "Oh, I withdraw my plea. Five years? No. No. She — did she say five years?" (TR. at 102).
 {¶ 9} It is well established that a mistaken belief as to the consequences of the plea is insufficient to withdraw such a plea.State v. Sabatino (1995), 102 Ohio App.3d 483, 486, 527; State v.Hunt (Aug. 8, 1996), Cuyahoga App. No. 69726. As this Court held in State v. Lambros (1988), 44 Ohio App.3d 102, 103:
 {¶ 10} It seems that a defendant who has a change of heart regarding his guilty plea should not be permitted to withdraw the plea just because he is made aware that an unexpected sentence is going to be imposed. Peterseim, supra, at 214. Otherwise, defense counsel merely has to allege that the defendant's plea was induced by some underlying "mistaken belief" * * * and the plea would be vacated.
 {¶ 11} Therefore, Blalock's alleged reliance on counsel's sentencing prediction of two years is not sufficient to constitute a manifest injustice.
 {¶ 12} Furthermore, at Blalock's plea hearing, the court inquired whether his plea was induced by any threats or promises and Blalock replied "No," thus dispelling his argument that his plea was induced by counsel's prediction that he would not be sentenced to more than two years. See State v. Hunt, supra; State v. Lambros, supra.
 {¶ 13} When the court later reconvened, Blalock also contended that he wished to withdraw his plea to preserve his right to appeal the court's denial of his motion to suppress. However, this clearly was not the reason, because when the trial court offered to accept a no contest plea to preserve his right to appeal the issue, he refused the opportunity.
 {¶ 14} Blalock's first assignment of error is overruled.
 II. {¶ 15} DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ARBITRARILY GRANTED DEFENDANT'S MOTION TO WITHDRAW HIS PLEA AND THEN CHANGED ITS MIND.
 {¶ 16} Blalock contends that the trial court erred by arbitrarily changing its initial decision granting his motion to withdraw his plea.
 {¶ 17} Initially, after Blalock's outburst in which he stated he wanted to withdraw his plea, the trial court stated, "You know what, take Mr. Blalock back here. And I would be happy to try this case as indicted." (TR. 102). When the trial reconvened later that afternoon, the trial court stated that it had decided to deny the motion to withdraw the plea because the only reason Blalock wanted to withdraw his plea was because he did not like the sentence he received. The trial court also clarified that its prior statement regarding "trying the case" was said in "haste."
 {¶ 18} The trial court's initial statement that it would proceed to trial was never reduced to a judgment entry. It is well settled law that a trial court speaks only through its journal entries and not by oral pronouncement. See, State v. King (1994), 70 Ohio St.3d 158, 162; Inre Adoption of Gibson (1986), 23 Ohio St.3d 170, 173; Schenley v. Kauth
(1953), 160 Ohio St. 109, paragraph one of the syllabus. An appellate court will not ordinarily review the substantive or procedural content of a courtroom colloquy which was not carried over into the judgment entry.Snouffer v. Snouffer (1993), 87 Ohio App.3d 89, 91; Howard v. Wills
(1991), 77 Ohio App.3d 133, 140 at fn. 5. Since the trial court's initial statement about trying the case was not memorialized in a journal entry, it was of no force.
 {¶ 19} Accordingly, we overrule Blalock's second assignment of error.
 III. {¶ 20} DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT PROPERLY INFORM THE DEFENDANT AS TO ALL OF THE PENALTIES PRESCRIBED BY LAW.
 {¶ 21} Blalock contends that the trial court erred in not informing him that his driver's license would be suspended as part of his sentence.
 {¶ 22} The trial court sentenced Blalock to five years, to be served concurrently with a separate case for aggravated murder for which he was currently serving twenty-eight years to life. Therefore, the fact that his license was suspended for five years as part of the penalty is not punitive in light of the fact that he will spend the entire time in prison.
 {¶ 23} Blalock also does not argue that he would not have pled if he had been advised that his license would be suspended as part of the penalty. As the Ohio Supreme Court held in State v. Nero (1990),56 Ohio St.3d 106, 108, "a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." Since Blalock does not maintain he would not have pled guilty, no prejudice resulted from the trial court's failure to inform him of the suspension. See, also, State v. Ingram, Tenth District 01AP-854, 2002-Ohio-883 (no prejudice resulted from trial court's failure to advise defendant of license suspension).
 {¶ 24} Blalock's third assignment of error is overruled.
 IV. {¶ 25} DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT IMPOSED A MAXIMUM SENTENCE.
 {¶ 26} Blalock contends the trial court's imposition of the maximum sentence was in error because it failed to give its reasons for finding that Blalock posed a great likelihood of recidivism.
 {¶ 27} In imposing the maximum sentence, the trial court was required to make a finding that Blalock fit within one of the categories set forth in R.C. 2929.14(C) and to give its reasons for its finding.State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110. On the record, the trial court stated that the maximum time was being imposed because Blalock posed a great likelihood of committing future crimes. (TR. 110).
 {¶ 28} In support of these findings, the trial court took into consideration Blalock's lengthy prior record, which consisted of a 1995 conviction for drug trafficking, a 1995 conviction for receiving stolen property, a 1992 conviction for drug abuse, and a 1988 conviction for drug trafficking. The trial court also noted that the current drug charges arose out of a continuous stream of criminal activity in which a person was murdered.
{¶ 29} We find the trial court sufficiently set forth its reasons for imposing the maximum sentence.
 {¶ 30} Blalock's fourth assignment of error is overruled.
 V. {¶ 31} DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT RELIED UPON INFORMATION NOT PRODUCED IN OPEN COURT WHEN IMPOSING SENTENCE.
 {¶ 31} Blalock argues that the trial court considered evidence not before the trial court in determining his sentence. Specifically, he argues the trial court improperly considered that the drug charges were related to a drug deal that went bad, which resulted in a person being murdered.
 {¶ 32} Although the trial court presided over the separate aggravated murder case, it also heard evidence regarding the murder during the motion to suppress hearing. Therefore, the evidence was properly before the court.
 {¶ 33} Furthermore, even if it was improper, the trial court had sufficient evidence of Blalock's prior criminal history, which supported the sentence imposed.
 {¶ 34} Blalock's fifth assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J. and JAMES J. SWEENEY, J. CONCUR