LONDON, d. b. a. NATIONAL HOME MODERNIZERS, Plaintiff-Appellee, v HINTON, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 1949.   Decided November 17, 1947.

H. M. Eikenbary, Dayton, for plaintiff-appellee.
List, Patterson & Edwards, and Roy A. Patterson, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, J.:

The appeal noted as on questions of law and fact proceeds by common consent as upon questions of law from a judgment of the Common Pleas Court of Montgomery County, affirming a judgment of the Municipal Court in behalf of plaintiff for the sum of Two Hundred Fifty Five ($255.00) Dollars and cost, and against the defendant on his answer and cross-petition.

The action in the Municipal Court was instituted by plaintiff for the contract price of roofing a residence for the defendant. A written contract between the parties was pleaded and offered in evidence and proof was made that the roof had been put on per contract.

The answer was a general denial and the cross-petition was for damages for failure to do the work required by the contract in a workman-like manner, in that there was an unnecessary delay in completing the work during which time the roof was caused to remain open and unprotected, and that while so unprotected it rained and the water came through, damaging plaster, paper, interior finish, a closet of the residence, and clothing of the defendant. The amount prayed was $275.00.

The defendant introduced testimony tending to support the averments of his cross-petition and put a witness, Mr. Laban O. Carpenter, a neighbor of the defendant on the stand, who testified to observing the condition of the interior of defendant's house soon after the rain and the nature of the damage which the witness observed. It further appeared that Mr. Carpenter had considerable experience in buying and trading real estate, looking after properties, remodeling, roofing, carpentering, general repair and up-keep, and that at one time had been an appraiser for Building and Loan Companies in the city of Dayton. These questions were put and answers made, page 35 of the record:

"Q. Did you have any part in inspecting the property and putting the valuation on the damages?
A. I did.
Q. With who else?
A. Along with Mr. Potter and Mr. Frederick.
Q. Did you arrive at any valuation?

Mr. Eikenbary: I am challenging "Doc's" qualifications as an expert.

The Court: I don't see where he is competent now. He is not a contractor, does not do this work. Objection will be sustained."

To this ruling an exception was noted.

Counsel for plaintiff cross-examined the witness and the court also interrogated him, but no evidence was forthcoming from which the damage to defendant's house and contents could be measured in money.

Two errors are assigned. First. "The incorporation in the bill of exceptions of four letters from counsel for the plaintiff to counsel for the defendant and to the trial judge." The trial judge assigned as a reason for appending the letters that there had been a continuance of the cause for further hearing on the arguments of counsel and the effect of the letters from Mr. Eikenbary was to insist upon the court making a decision on the case as presented.

In view of the record and the basis for the judgment the consideration of these letters by the trial judge could not have been prejudicial because they did not affect at all any determinative issue in the cause. Nor did they contain any subject matter which would have a tendency to prejudice the court against either party.

The second sub-division of assignment No. 1 is, "The failure of the court, after request, to accord counsel for the defendant opportunity to be heard orally on the motion for a new trial." Determination of this matter was solely within the discretion of the trial judge.

The second error assigned is that the court erred to the prejudice of defendant in not permitting Mr. Carpenter to testify as a qualified expert on the matter concerning which he was interrogated. It is urged, first, that the witness qualified to give the testimony sought. The testimony should have been admitted and it is not necessary to cite the pertinent cases which counsel for the defendant has presented in his brief. Had the answer been admitted, it would have been necessary to further develop the testimony, so that the full measure of damage could be determined. **Koch v O'Brien, etc. Cartage Company, 37 Abs 270, 46 N. E. (2d) 438;** citing **N. W. Ohio Gas Company v First Congregational Church of Toledo, 128 Oh St 140-150.**

It is further urged that in refusing to permit the witness

to testify, the court held that he was not a competent witness. The court, in passing on the objection to the witness, said something which might indicate that he questioned the competency of the witness. It is then further urged that, inasmuch as the witness was rejected because incompetent, if this ruling was erroneous, it was prejudicial to the defendant. Cases supporting this sound proposition of law are cited. **Wolfe, et al v Powner 30 Oh St 472, Totten v Estate of Miller, et al, 139 Oh St 29, 21 O. O. 545.**

We cannot agree that the ruling of the court went to the competency of the witness as such. It was merely a determination that he did not qualify to give expert testimony and therefore was a refusal to admit evidence which he, as an expert, would have developed. The subject of expert testimony is always considered under the general title of evidence as appears in **17 O. Jur. para. 331, et seq. p. 421.**

It was therefore incumbent upon the defendant when the trial judge refused to accept the evidence to proffer the answer of the witness so that, on the motion for a new trial the trial judge and later the reviewing courts would have had the benefit of the effect of the answer, had it been permitted. **Smith v Rhodes & Wilt, 68 Oh St 500, 505, Fightmaster v Mode, 31 Oh Ap 273, 167 N. E. 407.**

Although there was no basis upon which the trial judge could fix the actual damages suffered by defendant, he was entitled to nominal damages of one dollar or five dollars, which would have required the court to apportion the costs and assess a part of them against the plaintiff. Unfortunately, the defendant did not urge this right in the trial court, on the motion for new trial, and it is not assigned as error here.

Upon the state of the record as it comes to us, and upon the errors assigned, we must affirm the judgment.

WISEMAN, PJ, and MILLER, J, concur.