80

THE STATE OF OHIO, APPELLEE, *v.* HIPKINS, APPELLANT.

[Cite as State v. Hipkins (1982), 69 Ohio St. 2d 80.]

(No. 81-524—Decided January 27, 1982.)

*Mr. James W. Luse,* prosecuting attorney, and *Mr. James Edwards,* for appellee.

*Messrs. Lantz & Lantz* and *Mr. Thomas C. Lipp,* for appellant.

*Per Curiam.*

## I.

In his first proposition of law, appellant asserts that the trial court committed prejudicial error in refusing to instruct the jury that evidence of appellant's intoxication was also admissible to establish that appellant did not know he was under detention and to establish that appellant was not reckless in that regard.

A review of the record in this case indicates that the trial judge did instruct the jury in this regard.[1] Assuming, *ar-*

---

[1] The trial judge gave the following instruction to the jury: "Intoxication is not an excuse for a crime. However, such defense is admissible for the purpose of showing that the Defendant was so intoxicated that he was incapable of forming the intent or purpose to commit the crime of escape, or attempt to escape from arrest or detention." In an earlier instruction, the court had set forth in detail all the elements of the crime of escape.

*guendo,* that the trial court had not so instructed the jury, appellant's argument would nonetheless fail based on this court's recent decision in *State* v. *Fox* (1981), 68 Ohio St. 2d 53.

While recognizing " \* \* \* the appropriateness of a special jury charge on the effect of intoxication on formation of intent when that issue is properly raised by the evidence \* \* \* ," this court stated in *State* v. *Fox, supra,* that it has " \* \* \* never found it necessary to promulgate a rule to regulate judges in this matter. \* \* \* This matter is best left to the discretion of the experienced trial judge." *Id.,* at 56.

For the reasons stated in *State* v. *Fox, supra,* this court continues to refuse to require a jury instruction to be given on this question.

## II.

Appellant next asserts that the trial court committed reversible error in refusing to permit an alcoholism counselor to testify as an expert witness as to whether appellant was an alcoholic.[2]

In *State* v. *Jones* (1981), 67 Ohio St. 2d 244, 251, we stated that "[t]his court will not reverse a ruling of a trial court on the qualification or competency of an expert witness to give his opinion upon a particular subject unless there is clear showing that the trial court abused its discretion. *Ohio Turnpike Comm.* v. *Ellis* (1955), 164 Ohio St. 377, paragraph eight of the syllabus." There is nothing in the record to indicate that the witness was qualified by the defense in the field of determining whether appellant was in fact an alcoholic, and hence there was no abuse of discretion shown.

Furthermore, it is well settled that when a court has sustained objections to an inquiry during the examination in chief, a statement must be made as to what the expected answer would be in order that the reviewing court can determine whether or not the trial court is prejudicial. *Smith* v. *Rhodes* (1903), 68 Ohio St. 500, 505. See, also, *London* v. *Hinton* (1947), 50 Ohio Law Abs. 241. "[I]n the absence of a proffer, the exclusion of evidence may not be assigned as error." *Pokorny* v. *Local 310* (1973), 35 Ohio App. 2d 178, 184,

---

[2] The witness was allowed to testify as an expert "as far as counselling is concerned and as far as evaluating a person to determine whether they have an alcoholic problem or not \* \* \* ."

reversed on other grounds, 38 Ohio St. 2d 177. Since no proffer was made in this case, appellant's argument must necessarily be rejected.

## III.

Appellant, in his third proposition of law, asserts that a mistrial should have been granted on the basis of juror misconduct.

A new trial may be granted for the misconduct of the jury where the substantial rights of the defendant have been materially affected. R. C. 2945.79(B); *Weis* v. *State* (1872), 22 Ohio St. 486. See, also, Crim. R. 33(A); R. C. 2945.79(A). Conversations by a third person with a juror during the progress of a trial for the purpose of influencing the verdict may invalidate the verdict, but where there is nothing in the record to demonstrate that the decision might have been influenced by such conversation, the refusal of the trial court to grant a new trial will not be disturbed. *State* v. *Higgins* (1942), 70 Ohio App. 383.

The record is lacking of any evidence which would demonstrate that the verdict was influenced as a result of the brief conversation between a juror and one of appellant's witnesses. When the trial judge questioned the juror and the witness as to their conversation, both stated that they had not discussed the case. In addition, the other jurors, when questioned, all agreed that the juror in question said nothing more than that she had run into a witness and had been thusly reprimanded by the court.

The Court of Appeals found, and this court agrees, that no prejudice of any kind was demonstrated by appellant. "It is a long-standing rule of this court that we will not reverse a judgment because of the misconduct of a juror unless prejudice to the complaining party is shown. *Armleder* v. *Lieberman* (1877), 33 Ohio St. 77." *State* v. *Kehn* (1977), 50 Ohio St. 2d 11, 19.

## IV.

Lastly, appellant alleges that reasonable minds could not differ on the fact that appellant had established that he was so intoxicated that he could not form the purpose to break or attempt to break detention.

This court has reviewed the record in this case and concludes, that, based on the facts herein, reasonable minds could indeed differ. Appellant's own testimony is illustrative of his state of mind at the time in question. Appellant testified that he had been able to remember where he was on the night in question, who was with him at the time, the conversation he had with his girl friend at Frisch's that night, the administration of the Intoxilyzer test, the making of a telephone call without assistance, the location of his car, and the dollar amount of his bond.

"In criminal appeals, this court will not retry issues of fact. * * * [W]e confine our consideration to a determination of whether there is sufficient evidence to support the verdict rendered. * * * *State* v. *Cliff* (1969), 19 Ohio St. 2d 31. * * * * " *State* v. *Edwards* (1976), 49 Ohio St. 2d 31, 47, vacated in part on other grounds, 438 U. S. 911.

Based on the testimony of appellant as well as on that of the highway patrol officer, this court finds that there is sufficient evidence to support the verdict, and must thus affirm the conviction.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, C. BROWN and KRUPANSKY, JJ., concur.

HOLMES, J., concurring.  I must concur in the judgment because all of the elements of a violation of R. C. 2921.34 were regrettably present in this case. However, I do so reluctantly for it is my sincere belief that this case presents an instance of prosecutorial overkill, a circumstance which should not be furthered by our law enforcement officials.

W. BROWN, J., concurs in the foregoing concurring opinion.