STEINFURTH *v.* ARMSTRONG WORLD
INDUSTRIES ET AL.

(No. 055501 — Decided June 12, 1986.)

Court of Common Pleas of
Cuyahoga County.

*Robert E. Sweeney, Michael Cassidy*
and *Michael Kelly,* for plaintiff.

*Richard J. Disantis,* for defendant
Raymark Corp.

*C. Richard McDonald,* for defendant Wellington Group.

*Robert Rutter,* for defendant Nicolet
Industries.

JAMES J. McMONAGLE, J. This
products liability action involves a claim
of injury due to inhalation of asbestos
fibers which were contained in the
defendant manufacturers' products. In
order to prove his claim, the plaintiff,
Roy J. Steinfurth, has presented Dr.
Joseph Wagoner as an expert on the

issue of "state-of-the-art," *i.e.,* at what
time was there a duty on a manufacturer, in keeping with its superior ability
to remain current with evolving scientific and medical knowledge, to give an
adequate warning of the unsafe nature
or dangers of its products to the foreseeable user. See *Temple* v. *Wean United,
Inc.* (1977), 50 Ohio St. 2d 317 [4 O.O. 3d
466]; *Borel* v. *Fibreboard Paper Products* (C.A. 5, 1973), 493 F. 2d 1076, certiorari denied (1974), 419 U.S. 869; and
*Karjala* v. *Johns-Manville Products
Corp.* (C.A. 8, 1975), 523 F. 2d 155, 158.

Defendants, Armstrong World Industries et al., have objected to the
testimony of the plaintiff's expert
witness on the basis that his opinion is
not based on facts or data "perceived by
him or admitted into evidence" at trial
as required under Evid. R. 703. Alternatively, defendants seek to prohibit any
direct quoting from the literature upon
which the expert witness partially bases
his opinion on the issue of when the
warnings should have been affixed to
the defendants' products.

This opinion supplements the
court's bench ruling on these motions.

Dr. Wagoner previously testified in
this court as an expert on the identical
issue. *Doan* v. *Johns-Manville Products
Corp.* (Mar. 23, 1982), Cuyahoga C.P.
No. 008543, unreported. His opinion is
substantially based on the following:

(1) His knowledge of the medical
and scientific treatises published between 1890 and the present;

(2) His experience as an epidemiologist and biostatistician; and

(3) His experience and training as a
United States Public Health official.

Dr. Wagoner's testimony is offered
in furtherance of the instant plaintiff's
claim that the defendants had a duty to
warn him of their products' health
hazards under Comment *k* of the
Restatement of the Law 2d, Torts
(1965), Section 402A. See *Temple* v.
*Wean United, Inc., supra; Borel* v.

*Fibreboard Paper Products, supra;* and also in support of the plaintiff's punitive damage claim.

Evid. R. 702 provides that an expert witness may be permitted to testify to assist the trier of fact in order to better understand the issues presented and to come to a proper conclusion. A trial court has wide latitude in determining whether or not a witness has sufficient specialized knowledge to express an ultimate opinion about a specific subject. *State* v. *Hipkins* (1982), 69 Ohio St. 2d 80 [23 O.O. 3d 123]; *State Auto. Mut. Ins. Co.* v. *Chrysler Corp.* (1973), 36 Ohio St. 2d 151 [65 O.O. 2d 374]. Because of his knowledge, skill, experience, training and education, Dr. Wagoner has previously been permitted to testify as an expert witness in this court and innumerable courts throughout the United States. He satisfies Ohio's criteria to testify as an expert.

Turning to the specific objections raised, the defendants correctly assert that Evid. R. 703 requires that an expert may only testify on matters "perceived by him or admitted into evidence at the hearing." A short definition and analysis of the function of a state-of-the-art witness is necessary to demonstrate how his testimony falls within the parameters of the Ohio Rules of Evidence.

The function of the state-of-the-art expert witness is to explain the "level of pertinent scientific and technical knowledge existing" at the time of manufacture. 1 Frumer & Friedman, Products Liability (1986), Section 6.05 [15]. This opinion can only be formulated after one surveys the "available scientific and technological knowledge, customary practice and industry standards." *Murphy* v. *Owens-Illinois, Inc.* (C.A. 6, 1985), 779 F. 2d 340, 342. In this context the term "available" is a limiting term which means "[i]f it is in published form and accessible to research workers through technical libraries, or similar sources." Frumer & Friedman, *supra.* The term "knowledge" is defined as "the act, fact, or state of knowing; acquaintance with facts; range of information, awareness or understanding; what is known; learning; enlightenment; the body of facts accumulated by mankind." Webster's New Dictionary (1958).

Since all of the defendants may not be identically postured in the stream of commerce, the state of the art can be different for different defendants. Also, state of the art is a two-edged sword, in that a defendant may present its own expert to demonstrate that it was in no position to protect against an unknown risk of harm. Therefore, the identification of a date in history when scientific and medical knowledge was of such a nature that a manufacturer would have access to such information, should have accepted it as reliable and credible, and then, should have taken appropriate steps to warn foreseeable users so that these users would be able to make an informed choice as to their use of the product, of necessity, has to come from information not in court.

Experts have always been permitted to testify regarding information which forms the basis of their opinions. This has never been limited to "hands-on" experience, but can include review of applicable treatises, formal classes, discussions with colleagues, personal investigations, reading of books of science, and information gained from other experts in the field. These science items are "perceived" by state-of-the-art witnesses in compliance with Evid. R. 703. See *Hurley* v. *Connor* (Mar. 22, 1984), Cuyahoga App. No. 47187, unreported; *Mahr* v. *G.D. Searle & Co.* (1979), 72 Ill. App. 3d 540, 28 Ill. Dec. 624, 390 N.E. 2d 1214, 1237; *Bluebird Baking Co.* v. *McCarthy* (App. 1935), 19 Ohio Law Abs. 466, 470 [3 O.O. 490]; *Frank* v. *Herancourt Brewing Co.* (1907), 5 Ohio Law Rep. 559. Consequently, this expert witness satisfies the

requirement of Evid. R. 703 that the matters upon which he is testifying were personally observed by him.

The second part of the defendants' motion seeks to prohibit any direct quoting from the articles upon which the expert bases his opinion. The Ohio Rules of Evidence omit the learned treatise rule which is contained in Fed. Evid. R. 803(18) which may permit quoting. It is, therefore, incumbent upon a trial judge to restrict the expert's testimony pursuant to our Rules of Evidence. The Eighth District Court of Appeals has directly confronted this issue, stating:

"A fine line must, therefore, be drawn between an admission of an expert opinion incorporating such medical studies from direct quotation * * *. Direct quotation is not permitted, and exclusion of same was proper." *Kane* v. *Ford Motor Co.* (1984), 17 Ohio App. 3d 111, 112.

Without the learned treatise rule, therefore, a state-of-the-art witness in Ohio is only permitted to state that he had reviewed the applicable literature and, with that background, to give his opinion as to when appropriate warnings of risks of harm should have been affixed to the defendants' products. Even the mentioning of the titles of the articles would preclude the defendants from having the opportunity of adequate cross-examination as to the truth of the matters contained therein. It is apparent that the drafters of the Ohio Rules of Evidence intended to preserve inviolate a litigant's right to confrontation. They also were undoubtedly aware of how difficult it is for the average juror to grasp the fine distinction attorneys draw when admitting a piece of evidence when it is not offered for the truth contained therein, but merely for the purpose that a statement was made. As a result, direct quotation is not permitted under the Ohio Rules.

*Judgment accordingly.*