OPINION
Appellant Randall Fields is appealing his conviction in the Holmes County Court of Common Pleas. The following facts give rise to this appeal.
On June 11, 1997, the Holmes County Grand Jury indicted appellant on four counts of breaking and entering, four counts of criminal damaging, three counts of theft and one count of criminal trespassing. These charges arise out of a series of break-ins to Holmes County businesses on April 16, 1997, April 25, 1997 and May 6, 1997. At the time appellant allegedly committed the above crimes, he was on probation with the Wayne County Probation Department. The Stark County Probation Department and Probation Officer Bradley Miller were also supervising appellant's probation as he was residing in Stark County.
On May 6, 1997, Probation Officer Miller learned appellant had been in Wayne County, without his permission and in violation of his rules of probation. Probation Officer Miller also learned that law enforcement stopped appellant in Holmes County, on the evening of May 5, 1997. Appellant also did not have permission, from Probation Officer Miller, to be in Holmes County. In the early morning hours of May 6, 1997, several businesses reported break-ins to the Holmes County Sheriff's Department in the vicinity of where law enforcement stopped appellant's vehicle. Based upon its own investigation, the Holmes County Sheriff's Department identified appellant as its prime suspect in the break-ins.
On May 6, 1997, Probation Officer Miller and Lt. DeFelice interviewed appellant after reading him his Miranda rights. Probation Officer Miller suspected appellant violated several conditions of his probation and was involved in the break-ins in the businesses in Holmes County. After obtaining permission from appellant, Probation Officer Miller searched appellant's vehicle and residence. The search yielded items listed as missing from the businesses. At that point, Probation Officer Miller terminated his supervision of appellant and turned the evidence seized from appellant's vehicle and apartment over to Lt. DeFelice.
Following his indictment, appellant filed a motion to suppress all the physical evidence seized from his vehicle and apartment due to the lack of a search warrant. The trial court conducted a hearing on appellant's motion to suppress and by way of judgment entry dated October 10, 1997, denied appellant's motion. On October 15, 1997, this matter proceeded to trial. Following deliberations, the jury returned guilty verdicts on counts one through six and acquitted appellant on counts seven through twelve. The trial court sentenced appellant accordingly.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT COMMITTED ERROR AND DENIED DEFENDANT A FAIR AND IMPARTIAL TRIAL BY JURY IN FAILING TO GRANT DEFENDANT'S MOTION FOR NEW TRIAL/MISTRIAL AS TO COUNTS 1-6 ON THE BASIS OF JUROR MISCONDUCT, AND BY CONFERRING WITH THE JURY AND PROSECUTOR OFF THE RECORD WHILE THE JUROR MISCONDUCT MOTION WAS PENDING.
 II. PROSECUTORIAL MISCONDUCT IN PROFFERING PHYSICAL EVIDENCE SEIZED FROM THE DEFENDANT AS CONTRABAND BEFORE THE JURY WHICH CLEARLY WAS EXCLUDED FROM ANY CHARGED THEFT OFFENSES WAS PLAIN ERROR IN THAT IT TAINTED THE JURY VERDICTS OF GUILTY AND DENIED DEFENDANT HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.
 III. WITH RESPECT TO COUNTS THREE AND FIVE, THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO INSTRUCT THE JURY ON WHAT CONSTITUTES "PHYSICAL HARM TO PROPERTY", AN ESSENTIAL ELEMENT OF THE CRIME OF CRIMINAL DAMAGING, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS AND TO A JURY TRIAL PURSUANT TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION, AND HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.
 IV. THE TRIAL COURT COMMITTED ERROR BY FAILING TO GRANT DEFENDANT'S MOTION TO SUPPRESS DATED AUGUST 15, 1997, AND SUBSEQUENTLY ADMITTING INTO EVIDENCE THE FRUITS OF THE WARRANTLESS SEARCH IN VIOLATION OF DEFENDANT'S RIGHT TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.
 V. THE FAILURE OF DEFENDANT'S COUNSEL TO OBJECT TO JURY INSTRUCTIONS, FILE A MOTION TO BIFURCATE THE CHARGES, TO OBJECT TO THE TESTIMONY OF DAVID PEEBLES CONCERNING HEARSAY STATEMENTS AS TO THE VALUATION OF THE ALLEGED STOLEN PROPERTY, TO MOVE FOR MISTRIAL/ACQUITTAL ON THE BASIS OF PROSECUTORIAL MISCONDUCT, AND TO OBJECT TO THE ADMISSION OF STATE'S "EXHIBIT J" (POLICE REPORT CONTAINING HEARSAY STATEMENTS AS TO VALUE OF ALLEGED STOLEN PROPERTY) CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.
 VI. THE VERDICTS OF GUILTY ON COUNTS 1 THROUGH VI WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ACCORDINGLY THE TRIAL COURT COMMITTED ERROR IN NOT GRANTING DEFENDANT'S MOTION FOR ACQUITTAL.
 I
Appellant maintains, in his first assignment of error, that the trial court erred when it denied his motion for new trial/mistrial as to counts one through six of the indictment on the basis of juror misconduct and by conferring with the jury and prosecutor off the record while the juror misconduct motion was pending. We agree.
The following incident gave rise to appellant's claim of juror misconduct. Approximately thirty to forty minutes after the jury retired to deliberate, the assistant prosecuting attorney walked from the courtroom, on the third floor, to a drink dispenser located on the first floor. As he passed the jury room, he noted the closed door to the jury room and heard voices behind the closed door. As he passed the east portico of the courthouse, on the second floor, he noticed two men standing outside the doors smoking cigarettes. The assistant prosecuting attorney recognized the two men as Jurors Troyer and Parrot. Tr. at 305. The assistant prosecuting attorney reported this to the bailiff. Id.
The bailiff immediately informed the jurors, in the jury deliberation room, to desist deliberating and retrieved the two jurors smoking on the east portico. At this point, defense counsel requested the trial court to declare a mistrial and moved for a new trial pursuant to Crim.R. 33. Id. The trial court interviewed Jurors Troyer and Parrot separately. Tr. at 308-310. Each juror indicated that he had been outside for several minutes and discussed the case while smoking. Id. Both jurors indicated he could set aside any discussion they had, regarding the case, while outside smoking. Id. The trial court instructed the jurors, remaining in the jury deliberation room, they should disregard any discussion which occurred while the two jurors were absent and they were to recommence deliberations as a group. Tr. at 314-315.
However, the trial court indicated that it would entertain the motion for new trial in the event one of the two jurors, who left the jury room, was the jury foreman. Tr. at 313-314. After the jury delivered its verdict, Juror Troyer was identified as the jury foreman, one of the two men who separated himself from the jury deliberation room. Tr. at 316. At that point, appellant renewed his motion for new trial. Tr. at 319. The parties filed briefs regarding appellant's motion. The trial court denied appellant's motion and proceeded to sentence appellant. Tr. at 321.
Pursuant to Crim.R. 33(A)(2), jury misconduct is grounds for a new trial. "* * * [W]e will not reverse a judgment because of the misconduct of a juror unless prejudice to the complaining party is shown." State v. Hipkins (1982), 69 Ohio St.2d 80, 83, citing Armleder v. Lieberman (1877), 33 Ohio St. 77, paragraph three of the syllabus; State v. Kehn (1977), 50 Ohio St.2d 11, 19. Further, the grant or denial of a motion for new trial rests within the sound discretion of the trial court. State v. Schiebel
(1990), 55 Ohio St.3d 71, 76. This same standard applies to a motion for mistrial. State v. Simmons (1989), 61 Ohio App.3d 514,517. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In the case sub judice, the alleged juror misconduct occurred when Jurors Troyer and Parrot separated themselves, from the rest of the jury, while the jury continued to deliberate. R.C. 2945.33
requires that "[w]hen a cause is finally submitted the jurors must be kept together in a convenient place under the charge of an officer until they agree upon a verdict, or are discharged by the court." * * * When Jurors Troyer and Parrot separated from the rest of the jury, a verdict had not been reached in the case nor had the jury been discharged by the trial court.
We find the substantial rights of appellant were materially affected due to jury misconduct. This case is distinguishable from the Hipkins case because in Hipkins, the juror informed the trial court that he did not discuss the case with the witness who testified at trial. Hipkins at 83. However, in the matter currently before the Court, both Jurors Troyer and Parrot admitted they discussed the case while outside the presence of the other ten jurors. Tr. at 308-310. The State argues that because the two jurors encountered no one but each other and their separation was only for a few minutes shortly after deliberations had commenced, substantial justice was served because all the jurors indicated they would set aside any separate deliberations and recommence deliberations. Although the jurors indicated, on the record, they would recommence deliberations disregarding what occurred when the two men were absent from the jury deliberation room, we find appellant was prejudiced by the jury misconduct. The trial court attempted to cure the misconduct and determine whether appellant would be prejudiced by such misconduct by questioning the two jurors and the ten jurors that remained in the jury deliberation room. However, we find, due to the nature of the misconduct, the trial court's questioning and instructions to the jury could not remedy this situation. Therefore, the trial court should have granted appellant's motion for new trial.
Appellant's first assignment of error is sustained. We will not address appellant's assignments of error two through six as our disposition of appellant's first assignment of error renders the remaining assignments of error moot.
For the foregoing reasons, the judgment of the Holmes County Court of Common Pleas is hereby reversed for proceedings consistent with this opinion.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio, is reversed.