{¶ 91} Although I concur with the majority with respect to assignments of error two, three and four, this writer dissents from the majority with respect to its treatment of the first assignment of error. R.C. 2945.33 requires that "[w]hen a cause is finally submitted the jurors must be kept together in a convenient place under the charge of an officer until they agree upon a verdict, or are discharged by the court." When the substantial rights of a defendant have been materially affected, a new trial may be granted for jury misconduct. State v.Hipkins (1982), 69 Ohio St.2d 80, 83.
 {¶ 92} In this case, at about 10:46 a.m., the trial judge mistakenly declared a mistrial and dismissed the jury because he believed they were hung on all of the charges. Upon excusing the jury, the trial judge stated he was going to release them "from the admonishment issue that you cannot talk about this case. If you want to, *** you can." At approximately 11:00 a.m., the jury was brought back into the courtroom, and the trial judge informed them that he had misunderstood their verdict. He thought they could not agree on all of the charges, but they were only hung on the gun specification. The trial judge had the forelady read the verdict in open court, and each of the jurors was polled as to whether that was their verdict. The trial judge then accepted the jury's verdict and called a mistrial in regard to the gun specification. The jurors were subsequently excused.
 {¶ 93} It is my view when the jury was initially discharged, their verdict was misunderstood and read wrong. When the trial judge called the jury back to the courtroom, he did not question them as to whether they had discussed the case in any manner with anyone during the fourteen minutes they were gone from the courtroom. Although only a few minutes may have passed, it was improper for the trial judge not to question the jury before reading the verdict. Therefore, it is my position that appellant's rights may have been materially affected due to the possibility of jury misconduct. Accordingly, it is my determination that appellant was prejudiced and denied her right to a fair trial. It is for these reasons, I must, therefore, respectfully dissent from the majority.