OPINION
{¶ 1} Defendant-appellant Damell D. Owens appeals from his conviction and sentence in the Richland County Court of Common Pleas on one count of felonious assault in violation of R.C. 2903.11 (A)(1), a felony of the second degree. Plaintiff-appellee.
 {¶ 2} On the afternoon of December 22, 2003, the appellant's cousin, Lance Hood, went to a local recreation center in Mansfield to play a pick-up game of basketball. The appellant and his cousin were chosen to play on the same team. Lance admitted that he was out of shape and played poorly during the game. This upset the appellant who began to harass him saying that he was a disgrace and should not be missing shots because he was Division I college player. The appellant continued to harass Lance throughout the game. After their team lost, appellant followed Lance off the court continuing to taunt him and criticize his game. Appellant was calling Lance a "disgrace" and saying that he "ain't shit". Lance sat down on a chair and told his cousin to "shut up". When appellant continued his harassment Lance stood up. At that point appellant punched him in the face with his right fist and then his left fist. After punching Lance appellant stated "Nobody calls me a bitch" and continued to play basketball. Lance Hood was driven to the hospital by a friend.
 {¶ 3} Two days after the incident Lance Hood underwent surgery to repair two compound fractures in his jaw. Lance had his jaw wired shut for six weeks during which time he was on a liquid diet. In addition to physical pain, Lance Hood also suffered emotional distress as a result of being hit by a member of his own family, someone he trusted and looked up to. He was forced to seek counseling as a result of this incident.
 {¶ 4} During the trial the appellant presented several witnesses who indicated that Lance stood up real fast like he was going to do something to the appellant. Appellant testified that he would not have hit his cousin if he had not believed his cousin was about to hit him.
 {¶ 5} During a lunch break, defense counsel claimed to have observed an impropriety or irregularity between the assistant prosecuting attorney and one of the jurors. Out of the presence of the jury defense counsel moved for a mistrial. The trial court conducted a hearing and questioned the assistant prosecuting attorney and the juror. The prosecuting attorney claimed to have had an innocuous conversation with the juror coming into the courtroom with no substance to it. The trial court then questioned the juror, who claimed he was talking to himself.
 {¶ 6} The trial court instructed the jury on felonious assault and on the affirmative defense of self defense. On September 10, 2004, the jury found appellant guilty as charged. The trial court sentenced him to two years in prison.
 {¶ 7} Appellant timely appealed and submits the following three assignments of error for our consideration:
 {¶ 8} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO REMOVE A JUROR WHO HAD BEEN SEEN CONVERSING WITH THE PROSECUTOR DURING A BREAK IN THE PROCEEDINGS, OR TO GRANT A MISTRIAL.
 {¶ 9} "II. THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO INSTRUCT THE JURY ON EITHER AGGRAVATED ASSAULT OR ASSAULT.
 {¶ 10} "III. APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL."
 I. {¶ 11} In his First Assignment of Error, appellant contends that the trial court abused its discretion by failing to remove a juror for misconduct. We disagree.
 {¶ 12} In State v. Keith the Ohio Supreme Court reviewed a similar claim and stated: "[t]o support his argument, appellant relies on Statev. King (1983), 10 Ohio App.3d 161, 10 OBR 214, 460 N.E.2d 1383, paragraph one of the syllabus, for the proposition that any improper juror conduct automatically raises the presumption of prejudice. On numerous occasions, however, we have reaffirmed a long-standing rule that a court will not reverse a judgment based upon juror misconduct unless prejudice to the complaining party is shown. See, e.g., State v. Grant (1993),67 Ohio St.3d 465, 480, 620 N.E.2d 50, 67; State v. Hipkins (1982),69 Ohio St.2d 80, 83, 23 O.O.3d 123, 125, 430 N.E.2d 943, 946. In cases of improper outside juror communication, the defense must establish that the communication biased the juror. State v. Phillips (1995),74 Ohio St.3d 72, 88-89, 656 N.E.2d 643, 661. Furthermore, trial courts are granted broad discretion in dealing with the outside contact and determining whether to declare a mistrial or replace an affected juror.Id. at 89, 656 N.E.2d at 661". 79 Ohio St.3d 514, 526-27, 684 N.E.2d 47,60.
 {¶ 13} In the case at bar, the alleged misconduct involved a juror that appeared to be conversing with the Assistant Prosecuting Attorney during a break in the proceedings. The trial court conducted a hearing out of the presence of the jury and heard testimony from the assistant prosecutor and the juror. The assistant prosecutor informed the court that as she was returning from the lunch break, she and the juror reached the courtroom door and the same time. (T. at 345). She overheard the juror apparently talking to himself. (Id.). As she entered the courtroom the juror remarked that he was a part-time comedian. (Id. at 345-46). The prosecutor responded "[o]h, really?" and continued on to counsel table. (Id. at 346).
 {¶ 14} The juror testified that he had been more or less talking to himself, and not to the prosecutor. (Id. at 347). He informed the court that the prosecutor had not responded to any of his comments. (Id. at 348). The juror told the court that he had mistaken the prosecutor for the court reporter. (Id.). The juror indicated that that nothing about the incident would influence his judgment of the case. (Id. at 348-49).
 {¶ 15} After questioning both the assistant prosecutor and the juror the trial court held that a mistrial was not warranted. The Court stated: "[s]eems to me that there was nothing improper or irregular done. We all noticed that he has a sort of irrepressible happy-go-lucky demeanor in which he is always smiling about everything. So I think this is something in his character where he talks to himself sometimes. So I don't think there is a basis for a mistrial." (Id. at 349).
 {¶ 16} The trial court promptly addressed each allegation of outside communications, and determined the facts and possible impact on the juror. The appellant has not shown that the communication biased the juror.
 {¶ 17} We find no abuse of the trial court's discretion and no error in allowing the juror to remain on the panel. Appellant's First Assignment of Error is overruled.
 II. {¶ 18} In his Second Assignment of Error appellant maintains that the trial court committed plain error in failing to instruct the jury on the lesser offenses of aggravated assault and assault. We disagree.
 {¶ 19} In the case at bar, appellant's trial counsel did not request an instruction on either aggravated assault or assault. In fact counsel for appellant specifically indicated to the trial court that he was not requesting an instruction of aggravated assault. (T. at 341-42). Accordingly we must review this assignment of error under the plain error standard.
 {¶ 20} Crim.R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order to find plain error under Crim.R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus.
 {¶ 21} In U.S. v. Dominguez Benitez (June 14, 2004), 124 S.Ct. 2333,159 L.Ed.2d 157, the Court defined the prejudice prong of the plain error analysis. "It is only for certain structural errors undermining the fairness of a criminal proceeding as a whole that even preserved error requires reversal without regard to the mistake's effect on the proceeding. See Arizona v. Fulminante, 499 U.S. 279, 309-310 (1991) (giving examples).
 {¶ 22} "Otherwise, relief for error is tied in some way to prejudicial effect, and the standard phrased as `error that affects substantial rights,' used in Rule 52, has previously been taken to mean error with a prejudicial effect on the outcome of a judicial proceeding. See Kotteakosv. United States, 328 U.S. 750 (1946). To affect "substantial rights". . . an error must have "substantial and injurious effect or influence in determining the . . . verdict." Kotteakos, supra, at 776." Id. at 2339. See, also, State v. Barnes (2002), 94 Ohio St.3d 21, 759 N.E.2d 1240.{¶ 23} The defendant bears the burden of demonstrating that a plain error affected his substantial rights. United States v. Olano (1993), 507 U.S. at 725,734, 113 S.Ct. 1770; State v. Perry (2004), 101 Ohio St.3d 118,120, 802 N.E.2d 643, 646. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to `prevent a manifest miscarriage of justice.'" State v. Barnes
(2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240, quoting State v. Long
(1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Perry, supra, at 118, 802 N.E.2d at 646.
 {¶ 24} In State v. Kidder (1987), 32 Ohio St.3d 279, 280, the Supreme Court of Ohio set forth the following two-part test to determine whether a jury instruction on a lesser included offense is necessary:
 {¶ 25} "A criminal defendant is entitled to a lesser-included-offense instruction, however, only where the evidence warrants it. * * * Thus, the trial court's task is two fold: first, it must determine what constitutes a lesser included offense of the charged crime; second, it must examine the facts and ascertain whether the jury could reasonably conclude that the evidence supports a conviction for the lesser offense and not the greater." (Citations omitted.)
 {¶ 26} Appellant first argues that because he presented evidence of provocation the trial court was required to provide a jury instruction on aggravated assault.
 {¶ 27} Appellant was charged with felonious assault which is defined as causing serious physical harm to another.
 {¶ 28} Aggravated assault, an inferior degree offense of felonious assault, is defined as follows:
 {¶ 29} "No person, while under the influence of sudden passion or in sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 {¶ 30} "Cause serious physical harm to another or to another's unborn".
 {¶ 31} R.C. 2903.12. In State v. Perry (Aug. 17, 2001), Licking App. No. 01CA23, this Court noted "[w]here there is sufficient evidence on the issues of self-defense and aggravated assault, the court must charge the jury on both, when so requested. State v. Ervin (1991),75 Ohio App. 3d 275. In most cases, an aggravated assault instruction is incompatible with an instruction on self-defense, so that both cannot be given together. State v. Beaver (1997), 119 Ohio App. 3d 385, 397. However, an aggravated assault instruction could be given in a self-defense case, where circumstances are such that the defendant exceeded the amount of force necessary for his defense, out of passion or rage. Id."
 {¶ 32} In the instant case, appellant has not demonstrated that the court would have been required to give the instruction if requested, based on the state of the evidence. In addition, appellant has not demonstrated prejudice sufficient to undermine confidence in the outcome of the trial, as the evidence does not demonstrate the he would have been acquitted of felonious assault, and convicted of aggravated assault.
 {¶ 33} To determine whether sufficient evidence of serious provocation exists, a trial court must employ a two-part inquiry. First, the court must objectively determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage. State v. Mack,82 Ohio St.3d 198, 201, 694 N.E.2d 1328. "`If this objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in the particular case `actually was under the influence of sudden passion or in a sudden fit of rage.'" Id. (quoting State v.Shane, 63 Ohio St.3d 630, 634-45, 590 N.E.2d 272).
 {¶ 34} In examining whether the provocation is reasonably sufficient to bring on a sudden passion or fit of rage, the Ohio Supreme Court has provided the following guidance: "`[p]rovocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force.'" Id. at 200, 590 N.E.2d 272 (quoting Deem, paragraph five of the syllabus. "[T]he provocation must be `sufficient to arouse the passions of an ordinary person beyond the power of his or her control.'" Id. (quoting Shane, 63 Ohio St.3d at 634-35, 590 N.E.2d 272).
 {¶ 35} Generally, neither words alone nor fear itself will constitute evidence of serious provocation. "[W]ords alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations" Shane, 63 Ohio St.3d at 634-35, 590 N.E.2d 272,277; and "[f]ear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage." Mack,82 Ohio St.3d 198, 201, 694 N.E.2d 1328. Cases have held that a victim's simple pushing or punching does not constitute sufficient provocation to warrant an aggravated assault instruction. See, also, State v. Koballa,
Cuyahoga App. No. 82013, 2003-Ohio-3535 (concluding that sufficient provocation did not exist when the victim grabbed the defendant by the testicles and the arm); State v. Poe (Oct. 6, 2000), Pike App. No. 00CA9 (concluding that the victim's conduct in approaching the defendant with a hammer and stating "come on" did not constitute sufficient provocation).State v. Pack (June 20, 1994), Pike App. No. 93CA525 ("We find that a mere shove and a swing (which appellant by his own testimony ducked) are insufficient as a matter of law to constitute serious provocation reasonably sufficient to incite or arouse appellant into using deadly force."). State v. Perry, supra, (This Court reviewed a case of a sucker punch and held even that was insufficient provocation).
 {¶ 36} The evidence in this case does not support a claim that appellant was in a state of a sudden anger or rage. Appellant testified that he "blew off" the victim's insults as simply anger from losing the basketball game and further testified that the insults did not bother him. (T. at 308-9). Appellant testified that he struck his cousin because he was afraid that his cousin was going to hit him. (Id. at 290-92; 302; 311-12). This evidence does not even begin to approach the level of serious provocation required to warrant an aggravated assault instruction. Because the victim's words and actions would not arouse the passions of an ordinary person beyond his ability to control himself, the first part of the analysis is not met, and we need not consider the second. Accordingly, the trial court did not need to instruct on aggravated assault.
 {¶ 37} Appellant next contends that the trial court committed plain error in failing to instruct the jury on simple assault. Neither the appellant nor the State requested the trial court instruct the jury on simple assault.
 {¶ 38} The lesser offense of assault is defined by R.C. 2903.13 as knowingly causing or attempting to cause physical harm or recklessly causing serious physical harm to another.
 {¶ 39} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist". R.C. 2901.22(B).
 {¶ 40} A person acts "recklessly" "when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist". R.C. 2901.22(C).
 {¶ 41} As noted above, felonious assault requires evidence that oneknowingly caused serious physical harm to another. R.C. 2903.11(A) (1). On the other hand, one commits assault by recklessly causing serious physical harm to another. R.C. 2903.13(B). The court was not required to give the lesser included offense instruction under R.C. 2903.13(B) if the evidence at trial did not support that appellant acted recklessly, as opposed to knowingly.
 {¶ 42} The evidence clearly establishes that appellant deliberately punched the victim. Appellant never disputed this issue; rather appellant argued that he struck the victim in "self-defense." Appellant struck the victim two times in the face, right then left. (T. at 87). Mr. Hood had two compound fractures of the jaw which required surgery to repair. (T. at 64-65). Mr. Hood's jaw was wired shut for six weeks. (Id. at 99). Appellant's trial counsel did not ask for an instruction on assault; nor did he object to the court's instructions to the jury. In fact, appellant's trial counsel affirmatively told the trial court that he was not requesting an instruction on aggravated assault, choosing to rely instead upon his theory of self-defense. (T. at 341-42).
 {¶ 43} The evidence presented at trial did not support a conviction on the lesser included offense of assault. The jury could either find that appellant knowingly engaged in the altercation or that he was acting in self-defense. Additionally, we note that plain error cannot be used to negate a deliberate, tactical decision by trial counsel. State v.Clayton (1980), 62 Ohio St.2d 45, 46-48, 402 N.E.2d 1189, 1190-1192, citing State v. Wolery (1976), 46 Ohio St.2d 316, 348 N.E.2d 351.
 {¶ 44} Appellant's Second Assignment of Error is overruled.
 III. {¶ 45} In his Third Assignment of Error Appellant maintains that the he received ineffective assistance of trial counsel. We disagree.
 {¶ 46} The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case ofState v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
 {¶ 47} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and volatile of any of his essential duties to the client. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential.Bradley, 42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 48} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
 {¶ 49} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 50} Appellant first argues that counsel was ineffective in failing to cross-examine the victim concerning his expulsion form his Division — I college basketball team for fighting. This occurred after the incident in the appellant's case. In State v. Barnes, the Ohio Supreme Court stated "we hold that a defendant asserting self-defense cannot introduce evidence of specific instances of a victim's conduct to prove that the victim was the initial aggressor". 94 Ohio St.3d 21, 25, 759 N.E.2d 1240,1245. Thus, we find no showing of prejudice to appellant, and, therefore, no ineffective assistance of counsel for failure to introduce evidence that the victim was subsequently disciplined by his school for fighting.
 {¶ 51} Appellant next contends that counsel was ineffective in failing to cross-examine the juror and the assistant prosecuting attorney concerning the juror misconduct. For the reasons set forth in our discussion of appellant's First Assignment of Error, supra, we find no showing of prejudice to appellant, and, therefore, no ineffective assistance of counsel in failing to cross-examine the juror or the assistant prosecuting attorney.
 {¶ 52} Finally appellant contend that counsel was ineffective in failing to request instructions on the lesser offenses of aggravated assault and assault.
 {¶ 53} It is clear that defense counsel's decision not to request the instructions was tactical. By not requesting instructions on lesser offenses appellant elected to seek acquittal rather than to invite conviction of the lesser offense. "Counsel chose a strategy that proved ineffective, but the fact that there was another and better strategy available does not amount to a breach of an essential duty to his client". State v. Clayton (1980), 62 Ohio St.2d 45, 49, 402 N.E.2d 1189,1192. The law is clear that "[d]ebatable trial tactics do not constitute ineffective assistance of counsel." State v. McNeill (1998),83 Ohio St.3d 438, 449, 700 N.E.2d 596, 608, citing Clayton, supra, at 49, 402 N.E.2d at 1192. Notwithstanding, appellant has not sustained his burden, pursuant to Bradley, supra, that there exists a reasonable probability that the result of the trial would have been different were it not for the alleged errors.
 {¶ 54} Accordingly, Appellants Third Assignment of Error is overruled.
 {¶ 55} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
Gwin, J., Boggins, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed. Costs to appellant.