OPINION
{¶ 1} On July 24, 2002, the Stark County Grand Jury indicted appellant, Travis Parks, on one count of domestic violence in violation of R.C. 2919.25. Said charge arose from an incident involving appellant's live-in girlfriend and mother of one of his children, Christy Thompson.
 {¶ 2} A jury trial commenced on September 22, 2005. The jury found appellant guilty. By judgment entry filed September 29, 2005, the trial court sentenced appellant to seventeen months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 II {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO INQUIRE WHETHER JUROR MISCONDUCT HAD OCCURRED WHEN A JURROR [SIC] RESPONDED AMBIGUOUSLY TO THE COURT'S INQUIRY WHEN POLLING THE JURY."
 I {¶ 6} Appellant claims the jury's verdict was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, followingJackson v. Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
 {¶ 8} Appellant was convicted of domestic violence in violation of R.C. 2919.25(A) which states, "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 9} Appellant argues the evidence is insufficient on the issue of causing or attempting to cause physical harm to Christy Thompson.
 {¶ 10} On the issue of physical harm, two witnesses testified. Ms. Thompson testified appellant, upon entry into her room at the Crown Motel, "snatched on me right away, like by my arm and started cussing and just going on and calling me names and stuff and he pushed me down onto my bed." T. at 92. Appellant grabbed Ms. Thompson by the throat and choked her. Id. Appellant continued to call her names and punch her in the chest. T. at 93. Ms. Thompson ran out of the room to the manager's office and the manager summoned the police. Id. Ms. Thompson described her injuries as a "thumb print on my arm from where he grabbed me around the arm * * * and I had soreness around my neck." T. at 94. Ms. Thompson did not seek treatment for her injuries. T. at 101.
 {¶ 11} Matthew Barker, a Perry Township police officer, testified he and his partner responded to the call from the Crown Motel. T. at 104. He testified Ms. Thompson's room was in disarray, the bed was messed up, there was a broken lamp near the bed and there were empty beer bottles on the floor. T. at 105-106, 110. Officer Barker stated Ms. Thompson was very emotional, upset and near tears. T. at 106. He noticed visible injuries on her person, a small bruise on her right arm bicep area, a small red mark on the left side of her neck and a cut on her finger. Id. Officer Barker also detected an odor of alcohol on Ms. Thompson. T. at 108.
 {¶ 12} We find the evidence of a red abrasion on the neck and a bruise on the bicep on the victim to be sufficient corroborative evidence of the uncontroverted statement of the victim. The facts lead to the conclusion that appellant caused or attempted to cause physical harm to the victim.
 {¶ 13} Upon review, we find sufficient evidence to find appellant guilty of domestic violence, and no manifest miscarriage of justice.
 {¶ 14} Assignment of Error I is denied.
 II {¶ 15} Appellant claims the statements made by Juror No. 150 during the jury poll constituted evidence of juror misconduct. We disagree.
 {¶ 16} In State v. Kehn (1977), 50 Ohio St.2d 11, 19, citing Armleder v. Lieberman (1877), 33 Ohio St. 77, the Supreme Court stated, "It is a long-standing rule of this court that we will not reverse a judgment because of the misconduct of a juror unless prejudice to the complaining party is shown." More recently in State v. Hipkins (1982), 69 Ohio St.2d 80, 83, the Supreme Court of Ohio stated, "A new trial may be granted for the misconduct of the jury where the substantial rights of the defendant have been materially affected." See, also, Crim.R. 33(A); R.C. 2945.79(A).
 {¶ 17} In arguing juror misconduct, appellant points to Juror 150's answers during the trial court's polling of the jury on the finding of guilty of domestic violence:
 {¶ 18} "THE COURT: Juror 150, is this your verdict?
 {¶ 19} "JUROR NO. 150: (Pause.) Yes, Your Honor.
 {¶ 20} "THE COURT: Is this your verdict?
 {¶ 21} "JUROR NO. 150: It really isn't my verdict, but I put it down.
 {¶ 22} "THE COURT: Okay. Well, let me say this to you. This has to be both your individual verdict as well as the verdict of the group. And if this is not your verdict, then we do not have a verdict at this point in time. So I will let you think about that because it has to be you have to agree with the verdict and be willing to sign the verdict of guilty. If not, then we do not have a verdict at this point in time.
 {¶ 23} "JUROR NO. 150: I signed it.
 {¶ 24} "THE COURT: I understand you signed it, but is it, in fact, your verdict?
 {¶ 25} "JUROR NO. 150: It has to be my verdict.
 {¶ 26} "THE COURT: Did you agree with it as being your verdict of guilty?
 {¶ 27} "JUROR NO. 150: Yes, I put my name down there.
 {¶ 28} "THE COURT: But you are not answering my question directly. I have to have a direct answer. My question to you is does this represent your verdict; are you satisfied that this is a guilty verdict?
 {¶ 29} "JUROR NO. 150: Yes.
 {¶ 30} "THE COURT: And I will ask you one other time. If you have any hesitation at all I will accept not the verdict and I will indicate that we do not have a verdict at this point in time. Are you satisfied that you wish to go forward and indicate this is your verdict?
 {¶ 31} "JUROR NO. 150: Yes, Your Honor. T. at 147-149.
 {¶ 32} In polling the jury on the guilty finding on a prior conviction for domestic violence, Juror No. 150 responded "Yes" without hesitation. T. at 150-151. At the conclusion of the polling, the trial court once again asked Juror 150 if the verdict read "in fact, represent your verdict as a verdict of guilty in this matter?" Juror No. 150 responded, "Yes." T. at 152.
 {¶ 33} We have examined the colloquy between the juror and the trial court and cannot find any evidence of jury misconduct. Our conclusion is further bolstered by the juror's lack of hesitation in responding to the question on the prior conviction specification. T. at 151. Although one might characterize the juror's responses to the trial court's inquiry as evasive, it is still clear the juror finally answered the question that his/her verdict was guilty. Furthermore, the trial court gave defense counsel an opportunity to request additional inquiry and the opportunity was not taken. T. at 152.
 {¶ 34} Upon review, we find no abuse of discretion by the trial court on this issue.
 {¶ 35} Assignment of Error II is denied.
 {¶ 36} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.